H. NASIF MAHMOUD (SBN: Ill. 01733567)
Applicant *Pro Hac Vice* pending
MCKINZIE, WILKES & MAHMOUD
8717 Forest Avenue, Gary IN 46403
P. (219) 381-0859
Private Email: mwmlawoffices@aol.com
Office Email: mwm_legal_services_solutions@aol.com
Attorney for the Plaintiffs



U.S. DISTRICT COURT
DISTRICT OF DELAWARE

JAN 26 2009

**UNITED STATES DISTRICT COURT**
**WILMINGTON, DELAWARE**

("**BAKARFIT**"), "THE LIFE, LIBERTY AND THE PURSUIT OF HAPPINESS FOR THE BOKHARY, ASGHAR, KHWAJA AND RICHARDSON FAMILY IRREVOCABLE TRUST"; ROCK OF GIBRALTOR LLC;
**Plaintiff(s)**

V.

NEW CENTURY FINANCIAL CORPORATION; JOINTLY ADMINISTERED No. 07-10416(KJC)[1] DEBTORS IN POSSESSION DELAWARE BANKRUPTCY; Adv. No. 07-51598 (KJC)[2] DELAWARE BANKRUPTCY· DLJ MORTGAGE CAPITAL INC.; OCWEN LOAN SERVICING LLC, formerly OCWEN FEDERAL BANK FSB, OCWEN FINANCIAL CORPORATION AS AGENT OF NEW CENTURY; GMAC MORTGAGE CORPORATION AS AN ASSOCIATE OR AGENT OF NEW CENTURY; NATIONAL DEFAULT SERVICING CORPORATION AS AN AGENT OF NEW CENTURY; AMERICAN GENERAL FINANCIAL; FIDELITY NATIONAL FINANCIAL, INC.; FIDELITY NATIONAL TITLE GROUP; RELATED ACTIONS; SUCCESSORS, ASSIGNS; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-10 AND INDIVIDUAL DOES 1- 10, INCLUSIVE;
**Defendant(s)**

**CASE NO:CV09-59**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR:**

1. RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT OF 1970, "RICO"
   18 U.S.C. § 1961 (1) (A (1) (B) et. seq.
   18 U.S.C. § 1962 (c)
   18 U.S.C. § 1962 (a)
   18 U.S.C. § 1962 (b)
   18 U.S.C. § 1962 (d)
   18 U.S.C. § 1964 (a)
   18 U.S.C. § 1965 (a) and (b) et seq.

2. QUIET TITLE

3. CANCELLATION OF DEED(S) OF TRUST OR COMPENSATION AT 2005-2006 PRICES

4. BREACH OF STATUTORY DUTY

5. ACCOUNTING VIOLATIONS (Failure to comply with (CFLL) §22000 et seq). [3]

6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

7. NEGLIGENCE

8. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

9. FRAUDULENT CONCEALMENT

10. INFRINGEMENT OF THE PLAINTIFFS CONSTITUTIONAL AND DUE PROCESS RIGHTS
    **JURY TRIAL DEMANDED**

Civil Rico Complaint for Damages and Equitable Relief

1

1

2

3

4

5

PLAINTIFF (hereinafter separately and collectively referred to as Plaintiff or (BAKARFIT) "THE LIFE, LIBERTY AND THE PURSUIT OF HAPPINESS FOR THE BOKHARY, ASGHAR, KHWAJA AND RICHARDSON FAMILY IRREVOCABLE TRUST" and ROCK OF GIBRALTOR, LLC, ("ROCK") on behalf of themselves as victims of crime and all similarly situated beneficiaries and members, allege and complain against defendants, and each and every one of them, as follows:

6

## I. INTRODUCTION

7

8

9

10

11

12

13

14

15

16

17

18

This is a Federal action brought pursuant to the provisions of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), Title 18 U.S.C. §§1961-1965, et seq., and eight (8) other causes of action, by plaintiffs, on behalf of themselves, separately and collectively and similarly situated, individual beneficiaries and members of the respective Trust and LLC, against defendants, their alter egos, agents, principals, associates and layers: New Century Financial Corporation; Jointly Administered No. 07-10416(KJC)[1]*debtors in possession* Delaware Bankruptcy; Adv. No. 07-51598 (KJC)[2] Delaware Bankruptcy· Fidelity National Financial, Inc.; Fidelity National Title Group; American General Financial; Christina A. Snyder As A Rogue Judge With Spouse As Agents Of New Century Mortgage Corporation et al; DLJ Mortgage Capital Inc.; Inc; Ocwen Federal Bank, FSB; Ocwen Loan Servicing LLC, as Agent of New Century; GMAC as an Associate or Agent of New Century; National Default Servicing Corporation as an Agent of New Century, related actions; successors, assigns; John Does 1-10; Jane Does 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; Doe Entities 1-10; Doe Governmental Units 1-10 and Individual Does 1- 10, Inclusive.

19

20

21

22

23

24

25

26

1. Throughout the relevant period and/or period of activities defined below, defendants and each of them conspired to convert millions of dollars from plaintiffs, their beneficiaries and members. First they intercepted plaintiffs from making payments by employing tactics to separate plaintiffs from their legally earned income; then they proceeded to change of properties recorded in Plaintiffs' names after intercepting their escrows and sales. When caught red-handed defendants would appears in front of an ex attorney who is/was now a judge or his/her spouse or in front of an inferior state court by naming false defendants to obtain after the fact cover of legality for a verified interstate crime. The judge would render a default as plaintiffs would not be allowed to appear, when their name was not on the case, even if they were able to enter the court to protest

27

2

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ongoing proceedings. This pattern and technique was systemic and led to repeatedly sustained poverty, public insults and emotional humiliation, lack of proper nourishment, prolonged exposure to the elements without protection, sustained sleep deprivation, prolonged interception of income, sustained mental anguish suffered by systemic prolonged periods of time without funds, transportation, medical care, general sustenance, basic utilities leaving plaintiffs in "life-threatening conditions" that meets the legal definition of torture, while defendants laughed out loud claiming *"Plaintiffs beneficiaries have gone mad after we took all their properties, with the help of our friends at the title companies"* according to one source, who was paid a bribe to lie. **(Adverse witness)** As if this after the fact quasi-legal and illegal crime spree was not enough five judges from the Ninth circuit Eastern, Western, Riverside, Santa Ana are on standby to personally call through messaging and other forms of communication to other chief judges to intercept this case, an example is how a sole fact-finder judge is being protected by the Ninth Circuit whose husband was on salary of New Century when she offered to preside in three California case by claiming in-depth search for conflict resulted in finding none only to obstruct the case by claiming she did not get courtesy copies of the filings and then removing all entries beneficial to plaintiffs from record before she admitted conflict, and how about the judge who heard a limited civil RICO matter against an accomplice of defendants by concealing the fact that he was an employee of the deep pocket accomplices of instant defendants and allowed verified Jury tampering to purchase a judgment in favor of white collar financial institution caught red handed in a *"pay for play"* scheme, before after and ongoing after the sua sponte abusive obstruction of justice by their ex employee working under the protection of one justice of the ninth circuit, directly or indirectly to keep a lid over the matter of theft of title of one hundred and ten properties. Not until the entire market collapsed and plaintiffs' were proven right, did plaintiffs have the energy to challenge this new fraud in front of the Delaware bankruptcy Court. While honest judges declare their conflicts, an impartial judge needs to step up to the plate to stop the financial bailout and Chapter 11 protections being awarded to these fraudulent financial institutions under color of bankruptcies, with bold face admission of crimes even in their financial statements. *See* pages 2, 3, 4, of the **Delaware Bankruptcy court examiner report**[4]; notwithstanding the fact that 2005-2006 was a bull market period when these corporations made trillions and included amongst that income was concealed income derived from theft of plaintiffs' estate. *See* definition of Crimes and Criminal

3

27   Civil Rico Complaint for Damages and Equitable Relief

28

Procedure-18 USC§152 (1)-(9) for concealment of assets; false oaths and claims; bribery. Plaintiffs demand protection from 28 U.S.C. §455(a), (b) (1) (4) (5) (ii) (iii) (iv) (c) (d) (i) tactics in this matters that involve concealment of 28 U.S.C. §1332 and 28 U.S.C. §1331, 28 U.S.C. §1367(a), 28 U.S.C. §1334(a), Title 11 and Title 18 U.S.C. §§§§1961-1965 et seq., alleged "*pay for play*" crimes to obstruct plaintiffs' from pursuing "Civil Rico", quiet title; cancellation of deed of trust or reimbursement at full value at 2004-2006 prices; breach of statutory duty; accounting violations for failure to comply with (CFLL) §22000 et seq.[3]; intentional infliction of emotional distress; negligence; negligent infliction of emotional distress; fraudulent concealment, infringement on the plaintiffs constitutional and due process rights compensation. Alleged more fully below!

## II. DISCOVERY CONTROL PLAN

2. The Nature of this case calls for invoking Fed. R. of Civ. Proc. § V(DEPOSITIONS AND DISCOVERY) R.26; 28; 29; 30; 31; 32; 33; 34; 36; 37, applicable discovery statutes, allowed against "*defendant/enterprise*" by U.S.C.§1961(4), (5), (6). The application of the January 21, 2009 executive order by the Obama/Biden presidency in re. Freedom of Information Reform Act of 1986, FOIA  Pub.L. No. 99-570, Sec. 1804(b) (1), 100 Stat. 3207-50, and its 1987 amendment controlling federal courts, government agencies and officers of court, involved in third party property disposal through the use revolving door of Title companies; intimidation tactics; false demand letters; threats, forms of threats and harassments, false liens, duplicative bills, notices, intimidating messaging to coerce and/or extort and defraud, and/or attempt to extort and defraud, imposition of false assessment, false taxation and forced payments, and mafia like tactics of intimidating business associates, escrow agents, associates, tenants, family members and plaintiffs to render plaintiff into submission by starvation and insolvency. Amount of benefits, kickbacks, or information involved in the alleged "*pay for play scheme*" and form of return from judicial offices and those in power with the law being on the side of those seeking information and not on the side of the party seeking to withhold information; so uninterested information, outlets and destination of extorted gains can be obtained without intimidation and fear, to provide the honorable Delaware District Court the legal authority under 28 U.S.C. §1334(a) and Fed. R. Civ. Proc. 65(a) (2), to bar any release of funds from Bankruptcy Court jointly administered BK No. 07-10416(KJC) and Adv. No. 07-51598 (KJC) proceeding before Bankruptcy Court Wilmington, Delaware pending discovery.

**(UCC-1 Financing Statement for illegally removed plaintiffs' chattel property from their executive rentals and defendant breached Title policies and contracts owned by plaintiffs'. *See* Exhibit Marked 1 to be entered during discovery, upon review of forgery by defendants).**

## III. JURISDICTION

3. This case has subject matter jurisdiction as defined in *Younger v. Harris*, 401 US 37 (1971), not only personal jurisdiction over and above subject matter jurisdiction there also exists *federal question* concerning Defendants' alleged involved 18 U.S.C. §§ 1961-1965 *et seq.*, Racketeer Influenced and Corrupt Organizations Act of 1970 (hereinafter, "RICO"), 18 U.S.C. §1961-§1965 *et seq;* §1961(1)(A) (B) (D); §1961(6) et seq., selected §1961 through §1965; 18 USC and this Court has supplemental jurisdiction over Plaintiffs' additional state law claims 28 U.S.C. Section 1367(a)."Title 28U.S.C. §1334(a) for matters and activities governing defendant/debtor in possession/their layers' for § 152(1)-(9) activities during the relevant period. 28 U.S.C. §1332 and 28 U.S.C. §1331, 28 U.S.C. §1367(a) and 28 U.S.C. 2403 (a), (b). For Title 11 matters involving title 18 crimes plaintiffs seek 28 U.S.C. § 1915, fee waiver and cost waiver as an exception. Any other legal standards such as if implied is dealt with here and now; *Rooker-Feldman* doctrine is statutory (based on the certiorari jurisdiction statute, 28 U.S.C. § 1257), and not jurisdictional, holding that it applies only in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). All state court cases were discretionary, or by naming false defendants for properties owned by Plaintiffs or under review. As long as the complaint sets forth a claim "*arising under*" federal law, the district court may adjudicate state law claims that are transactionally related to the federal claim. *See* USC Section 1367(a). Supplemental jurisdiction is proper where the relationship between the federal and state claims is such that they "*form part of the same case or controversy under Article III of the United States Constitution.*" Id. Res Judicata applies only where there is a judgment on the merits. Thus, discretionary dismissals do not result in res judicata. Shaver v. F.W. Woolworth Co., 840 F2d 1361, 1368 (7th Cir. 1988) offered as a preemptive strike should defendants raise Rooker-Feldman Doctrine to preclude the Court hearing Plaintiffs' claims through available analysis to demonstrates that said doctrine does

1
2
3
4
5
6
7
8
9

not apply here because the R*ooker-Feldman* doctrine is statutory (based on the certiorari jurisdiction statute, 28 U.S.C. § 1257), and not jurisdictional, holding that it applies only in cases "brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); making any such defenses by defendants moot on the face of previous jurisdictional concerns. The Delaware Court will not be sitting in review of any state court decisions, as none exist. Exception of door orders after the fact rulings to cover up prior criminal activities without compliance with Fed. R. Civ. Proc. 52 or its state court counterpart to conceal federal questions of law governed by violations of sale and sale procedures under bankruptcy law at all times relevant and therefore inapplicable.

10
11
12
13
14
15

**Footnote to Jurisdiction:** (28 U.S.C. § 1915 is usually granted to natural litigants. Plaintiff is aware it is not a natural litigant. But moral, ethical and judicious codes of conduct upon which law is based demands the right to plaintiffs to file this case without a fee waiver. *See* unprecedented proof of obstruction of justice, crime and cover-up of crime designed to intercepted plaintiff from seeking equal access to justice. For the record plaintiffs and owners/beneficiaries are formerly deemed *victims of crime* for related crimes by California and Arizona Attorney General's offices).

16

## IV. VENUE ALLEGATIONS

17
18
19
20
21
22
23

4.  Competent personal and subject matter jurisdiction and Venue exists, in whole and/or in part, over original, supplement and concurrent matters pursuant to 18 U.S.C. §1964 (a), 18 U.S.C.§1961 (1) (D) subsections governing offenses, false claim and collection of unlawful debt through the misuse of title 11 claims in concurrent supplement matters §1965 (a), (b),(d) (hereinafter, "RICO"); *see* 28 U.S.C. §1334(a); 28 U.S.C. §1331, §1332; 28 U.S.C.§1337 (regulation of commerce); 28 U.S.C. §1391(b) (3),(c),(d),(e) *et seq*;18U.S.C. §1334(a); §1367(a). 11 U.S.C. §157(3) and 28 §157 (d). Additionally 28 USC §158(a) is invoked for any unknown matters for appeals where legal controversy arises out of title 11 that arise from matters concealed from Wilmington Delaware Bankruptcy Court.

24

## V. THE PARTIES

25
26

## PLAINTIFF: PLAINTIFF, ("BARARFIT") "THE LIFE, LIBERTY AND THE PURSUIT OF HAPPINESS FOR THE BOKHARY, ASGHAR, KHWAJA AND RICHARDSON

27

Civil Rico Complaint for Damages and Equitable Relief

6

28

1    **FAMILY IRREVOCABLE TRUST",** at all times mentioned herein was and is an irrevocable

2    Trust based in California, (hereinafter referred to separately and collectively as **("BAKARFIT"),**
     with a service mailing address located at 11909 Palm Ave. Bakersfield, CA 93312, County of

3    Kern, State of California, and 1136 South Little Buck Loop, Tucson Arizona, 85745 conducting

4    business within the jurisdictional district of Central District and Arizona District Court.

5    5.  **PLAINTIFF, ROCK OF GIBRALTOR, LLC** (hereinafter referred to as "**ROCK**"), is and was

6    at all times mentioned herein "**ROCK**"; a Limited Liability Company conducted Business in the

7    Jurisdiction of Los Angeles, California. Its current mailing address is 11909 Palm Ave.
     Bakersfield, CA 93312.

8    **DEFENDANTS:**

9    6.  **NEW CENTURY FINANCIAL CORPORATION; JOINTLY ADMINISTERED No. 07-**

10   **10416(KJC) [1] DEBTORS IN POSSESSION DELAWARE BANKRUPTCY; Adv. No. 07-**

11   **51598 (KJC) [2] DELAWARE BANKRUPTCY[i]** (Hereinafter referred to as "NEW CENTURY").

12   New Century) is, and at all relevant times, has been a corporation conducting business nationwide

13   initially incorporated in 1996 in Delaware, and at all relevant times were/are located at 1201

     Market Street, Suite 800, Wilmington, DE 19801 and 3815 SW Temple, Salt Lake City, UT 84115.

14   Tel. 801-293-1883, Fax 801-293-2555, offices it shares with defendant "Fidelity National Group",

15   "Chicago Title"; First American Title as Attorney-in-Fact for Loanstar, and multiple alter egos and

16   defendants.

17   7.  **DEFENDANT DLJ MORTGAGE CAPITAL, INC;** (Hereinafter referred to as "DLJ",) is, and

18   at all relevant times, has been a corporation conducting business in California "DLJ" as a successor

19   trustee and agent for New Century, and shares offices with "Fidelity Title" and other defendants,

20   located as process of service address at: 3815 SW Temple, Salt Lake City, UT 84115. Tel. 801-
     293-1883, Fax 801-293-2555.

21   8.  **DEFENDANT OCWEN LOAN SERVICING LLC, formerly OCWEN FEDERAL BANK**

22   **FSB, OCWEN FINANCIAL CORPORATION AS AGENT OF NEW CENTURY**; and at all

23   relevant times, has been a corporation conducting business nationwide from and through its

24   Delaware offices at all relevant times collectively or through its layers, principals, agents including

25   New Century, Loanstar, and other names with its place of business located at: 1675 Palm Beach

26   Lakes Blvd., Ste. 1000, West Palm Beach, Fl., 33401-2129.

27   Civil Rico Complaint for Damages and Equitable Relief

28

7

1
2
3
4

9. **DEFENDANT, GMAC MORTGAGE CORPORATION AS AN ASSOCIATE OR AGENT OF NEW CENTURY;** a Delaware and/or Iowa Corporation( referred to as (GMAC) and at all relevant times, GMAC Mortgage Corporation   Legal Department, has been located 3451 Hammond Avenue Waterloo, IA 50702, with an additional P.O. Box 1330 Waterloo, IA 50704-1330 address for mailing.

5
6
7
8

10. **DEFENDANT, NATIONAL DEFAULT SERVICING CORPORATION, AS AN AGENT OF NEW CENTURY**; (Hereinafter referred to as "NDSC") "NDSC", at all relevant time claims legal standing to do business in California and Arizona, is an agent of Defendant "Fidelity National Title", "New Century" and layers according to proof, with offices located at 3815 SW Temple, Salt Lake City, UT 84115. Tel. 801-293-1883, Fax 801-293-2555. (Shared with "Fidelity Title" etc).

9
10
11
12
13

11. **DEFENDANT, AMERICAN GENERAL FINANCE**, a Delaware corporation, at all times relevant operating, doing business nationwide, committed copy cat act committed by New Century and Fidelity title in reference to property located at 1120 South Little Buck Loop, Tucson, Arizona 85745, with offices located Name: American General Financial Services Street 3613 Kirkwood Highway Wilmington, DE 19808-5132. Phone: (302) 633-4935

14
15
16
17
18
19
20
21
22

12. **DEFENDANT FIDELITY NATIONAL FINANCIAL,** Inc., a Delaware corporation, at all times relevant operating, doing business with Chicago Title Insurance Corporation and multiple layers and subsidiaries inclusive of Fidelity National title group; Fidelity National Title insurance company, (Hereinafter collectively referred to as "Fidelity" or Fidelity Title"). At all relevant times "Fidelity" as a national and/or international Corporation is/was wholly or majority owned/run by CEO William Foley II, doing business under the Laws of The United States of America as a Title Corporation run by and through owner William Foley of "Foley Vineyards" registered to do business in Delaware nationwide offices and process of service address located at: 3815 SW Temple, Salt Lake City, UT 84115. Tel. 801-293-1883, Fax 801-293-2555, (shared with other defendants.

23
24
25
26

13. **DEFENDANT, HONORABLE JUDGE MICHAEL ALFRED** (named for specific restraining action**),** at all relevant times**,** a Pima County Limited/Superior Court (Hereinafter shall be referred to as "AZ. JUDGE"), over civil cases like C2006-6164, which cases are governed by 28U.S.C. §1332, 1331 and venue controlled by 28U.S.C.§§ 1367(a),1334(a) and 18 U.S.C.§1965(a), presiding over Delaware Bankruptcy matters without statutory, constitutional, procedural or legal

8

27  Civil Rico Complaint for Damages and Equitable Relief

28

1  jurisdiction; sans jury, court reporter or standing; wherefore service to restrain "AZ. JUDGE" from presiding over federal case matters, is made by electronic service to:   The County Counsel, Administrative Center, 110 West Congress, 9th Floor, Tucson, Arizona, 85745.

2

3  14. **DEFENDANT HONORABLE COMMISSIONER ERREA AND/OR KERN COUNTY**

4  **CLERK OF COURT** (named for specific restraining action) at all relevant times, a judge/

5  commissioner presiding in Kern County Limited/Superior Court (Hereinafter shall be referred to as

6  "CA. JUDGE"), over civil cases like S1500-CL-216249, which cases are governed by 28U.S.C.

7  §1332, 1331 and venue controlled by 28U.S.C.§§ 1367(a),1334(a) and 18 U.S.C.§1965(a),

8  presiding over Delaware Bankruptcy matters without statutory, constitutional, procedural or legal

9  jurisdiction; sans jury, court reporter or standing; wherefore service to restrain "CA. JUDGE" from presiding over federal case matters, is made by electronic service to: Kern County Counsel,

10  Administrative Center 1115 Truxtun Ave. 4th Fl., Bakersfield CA 93301. Tel: (661)868-3800. Fax:

11  (661)868-3805.

12  15. Plaintiff are informed and believe, and on those basis allege, at all relevant time there were

13  communications, amounts received or promised, assets taken or promised, accounts deposited,

14  defendants or associates personal holdings increased, defendants personal awareness and cover-up past present and ongoing interstate and accounting fraud tactics improved, *"pay for play"* tactics

15  for obstruction of justice/discretionary dismissals by *insider judges* such as a judge volunteering to

16  take on a case while her spouse was on New Century's payroll during the DE Bankruptcy No.: 07-

17  10416(KJC) and other such violations allow for the use of C.C. of Civ. Proc. § 474, (its Delaware

18  or federal counterpart) to add fictitious defendants fictitious names, their unknown associates or

19  arms and each of them in some manner responsible or legally liable for actions, events, transactions and circumstances alleged herein and sued as Does 1-16; plaintiffs' are ignorant of the true names

20  and capacity of related actions of defendants John does 1-10, Jane does 1-10, Doe partnerships 1-

21  10, Doe corporations 1-10, Doe entities 1-10; Doe governmental units 1-10, and individual does 1-

22  10, inclusive, and therefore sues such defendants as "Does", with leave of court to update names

23  and capacities of said defendants as ascertained or upon discovery, affecting this category.

24  ### VI. CAUSES OF ACTION
### FIRST CAUSE OF ACTION

25

26  **RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT OF 1970, "RICO"**

27  Civil Rico Complaint for Damages and Equitable Relief

9

28

16. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-16, by reference as though set forth herein, inclusive of general allegations listed in paragraph 16-107.

17. Plaintiffs allege that defendants were employed by and associated with each other through layers, and engaged in conduct that constitutes Civil Rico activities. Plaintiffs allege that each of the following configurations constitute a RICO "enterprise," as defined by 18 U.S.C. §1961(4).

18. Plaintiffs have no adequate remedy for compensation or turnover of stolen chattel, investment properties, homesteads, developments, taken from plaintiffs under interstate commerce licenses and court issues powers that allow these defendants and their unknown protectors the right to steal through interstate commerce other than this suit to set forth herein causes of action for Racketeer Influenced And Corrupt Organizations Act Of 1970, "RICO" 18 U.S.C. § 1961 (1) (A (1) (B) et. seq.;18 U.S.C. § 1962 (c);18 U.S.C. § 1962 (a);18 U.S.C. § 1962 (b) ;   18 U.S.C. § 1962 (d);18 U.S.C. § 1964 (a);18 U.S.C. § 1965 (a) and (b) et seq;

19. Quiet Title; Cancellation of Deed(s) of Trust ; Breach of Statutory Duty; Accounting Violations (Failure to comply with (CFLL) §22000 Et Seq); Intentional Infliction of Emotional Distress; Negligence; Negligent Infliction Of Emotional Distress; Fraudulent Concealment; Infringement of the Plaintiffs Constitutional and Due Process Rights violation where plaintiffs estate built with the blood and sweat of a lifelong labor of sixteen or more hours a day of work to ensure a secure retirement taken by and through conversion, theft and interception of economic viability designed to intercept pay-off of individual homesteads and investments, allows plaintiff to seek and invoke 18 U.S.C. 1962(a) as relief from the unlawful taking and receiving income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which a defendant/person has participated as a principal within the meaning of section 2, title 18, United States Code, of RICO 1961(4) allowing for all remedies of 1964(a) to apply.

20. Plaintiffs allege that defendants were employed by and associated with each other, and engaged in conduct that constitutes a RICO pattern of racketeering activity. Plaintiffs allege that each of the following configurations constitute a RICO "enterprise," as that term is defined pursuant to 18 U.S.C. §1961(4) against defendants and each one of them.

## RICO, 18 U.S.C. § 1962 (C) OPERATION OF ENTERPRISE THROUGH RACKETEERING ACTIVITY AGAINST ALL DEFENDANTS

21. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-21, by

reference as though set forth herein, inclusive of general allegations listed in paragraph 16-107 and specific preliminary allegations incorporated and inclusive of paragraph 16- 21 by reference as set forth in full;

22. Defendants and each of them are alleged to be participating in a systemic pattern of unlawful taking of property at will by and through each other or persons associated with a *"enterprise"* actively engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in its conduct and for the enhancement of its bad faith affairs, through a pattern of racketeering activity or collection of unlawful debt. Plaintiffs seek declaratory relief from persons who conspired to violate any provisions of subsection (a), (b), or (c) of this section including the application of the legal standard set by a minority decision, (48A Corpus Juris Secundum §86) Kalb v. Luce, 291 N.W. 841, 234, WISC 509; holding an inferior judge acting maliciously or corruptly may incur liability, in addition to quiet title, cancellation of deeds for fiduciary, statutory breaches and/or compensation for accounting fraud relief and a concurrent declaratory relief by a temporary restraining order or a permanent injunction to allow court time to examine damages for prima fascia 28 U.S.C. 2403 (a),(b) violations and underlying evidence of 18 U.S.C §1961 (1) (A), (B), (D); (2) as proof of conspiracy and 18 U.S.C. §§1962(a) (b)(c) (d) et seq., for invoking §1964(a) and §1965 et seq claims as if fully set forth herein.

23. Plaintiffs allege that the aforementioned activities and/or conduct engaged in by defendants constituted a *"pattern of racketeering activity,"* as that term is defined in 18 U.S.C. § 1964(a). Plaintiffs further allege that the activities and/or conduct engaged in by defendants were related as to the *modus operandi* engaged in by defendants which entailed fraudulent third party bill and debt imposition and collection, harassment notices, continuous inasmuch as the activities and/or conduct engaged in by defendants exhibited a realistic, sustained long term threat of continued future injury to plaintiffs' continuing since 1999 through current times without a break.

24. Plaintiffs have sustained damages and/or injuries to their business/real estate interest as a result of defendants' activities and conduct, in an amount according to proof. Plaintiffs are entitled to compensatory damages, said sum to be trebled, in an amount according to proof; recovery of exemplary damages, punitive damages, attorneys' fees, costs, and prejudgment interest.

## RICO, 18 U.S.C. § 1962 (d) CONSPIRACY TO VIOLATE 18 U.S.C. § 1962 (a) and (c) AGAINST ALL DEFENDANTS

Civil Rico Complaint for Damages and Equitable Relief

11

25. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-16, by reference as though set forth herein, inclusive of general allegations listed in paragraph 16-107 and specific preliminary allegations incorporated and inclusive of paragraph 22-25 by reference as set forth in full.

26. Defendants are associated with the aforementioned enterprise(s), and they have agreed and conspired to violate 18 U.S.C. § 1962 (a) and (c) as each has agreed to participate directly or indirectly in the conduct of the enterprise's affairs through a pattern of racketeering activity, to use or invest the income derived directly or indirectly from the pattern of racketeering activity to establish or operate the enterprise.

27. Defendants' conspiracy to violate 18 U.S.C. § 1962 (a) and (c) is a violation of 18 U.S.C. § 1962 (d) and further conspiracy to cover-up the conspiracy to marginalize plaintiff's credibility by means of overt acts of racketeering or otherwise wrongful after intercepting Plaintiffs income leaving them weaker adversaries and unable to financially defend themselves is cause for damages in favor of plaintiffs, its members and beneficiaries.

28. As a proximate result of the above-mentioned acts of Defendants, heirs, does, accomplices, individual, partnership, corporation, association, or other legal entity, and any union or group of individual associations-in-fact although not legal; involved in a "pattern of racketeering activity" to conduct the business of an "enterprise" as set forth above inclusive of any two or more acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity all of which unlawful activities continue to cause suffering upon plaintiff and profits upon defendants and associates-in-fact whether working separately or with each other, by overt or covert conduct, constitutes grounds for restitution against defendants and each one of them in an amount according to proof and said sum to be trebled.

## SECOND CAUSE OF ACTION

## QUIET TITLE

29. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-16, by reference as though set forth herein, inclusive of general allegations listed in paragraph 16- 107 and specific preliminary allegations incorporated and inclusive of paragraph 26 -29 by reference as set forth in full.

12

Civil Rico Complaint for Damages and Equitable Relief

1

2

3

4

5

6

7

30. Plaintiffs seek to quiet title against each and every lender involved in the taking of title and specifically Defendants New Century Mortgage, "GMAC", Ocwen and "SPS", "DLJ" etc and each of them, who are, or were at one time the beneficiary of any note and deed of trust listed in exhibit 2 where such deed and note was restricted from being paid off; and to the extent that such obligation can be proven to be paid off in full to said defendants, and each of them, upon a complete accounting has been satisfied by defendants and any lien imposed by defendants is without merit whereby defendants, and each of them, have no right, title, lien or any other interest in Plaintiffs' real property.

8

9

10

11

12

31. Plaintiff seeks to quiet title against all claims by Trustees or associates-in-fact, who obtained title under umbrella policies offered by "FATCO" and "Fidelity Title". To the extent, the obligation owed to lenders and trustees has been satisfied, upon proof of accounting offered by defendants during trial. As for "New Century" and alter ego "DLJ" and their effort to take over title of homestead by the May 03, 2007 conversion, without addressing the Title held in "BAKARFIT" name does not take away plaintiffs seniority and ownership over said conversion by "DLJ"

13

14

15

16

17

18

19

20

21

22

32. As a proximate result of the above-mentioned acts of Defendants and their unknown doe accomplices conduct, as set forth above, plaintiffs continue to suffer from denial of escrow and title services and therefore seek quiet title relief on their homestead to render September 1, 2000 recording of Grand deed in favor of "New Century" moot automatically making the May 03, 2007 conversion by "DLJ" and the same be reviewed for homestead of Michael Richardson as beneficiary of the estate and primary beneficiary for whom 1136 South Little Buck Loop Tucson was built followed by a review of the circumstances under which plaintiffs' retirement home located in 6452 Desert Wind Circle Lot 27, parcel No: 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 Ventana Canyon Estate, (first whole on the most prestigious Golf Course resort in the world located in Ventana Country Club, Tucson Arizona and all investment properties owned by Rock of Gibraltor, LLC and (BAKARFIT) were seized and sold during the 2004-2006 bull market.(*See* **Exhibit marked 1**).

## THIRD CAUSE OF ACTION

23

24

25

26

### CANCELLATION OF DEEDS OF TRUST

33. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-16, by reference as though set forth herein, inclusive of general allegations listed in paragraph 16-107

27

Civil Rico Complaint for Damages and Equitable Relief

13

28

1

and specific preliminary allegations incorporated and inclusive of paragraph 30-33 by reference as set forth in full.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

34. Certain deeds of Trust that were owned changed Titles to defendants or their alter egos by nefarious means such as at least five properties where Plaintiff were owners were deeded to a group of Bakersfield Broker/Developers who had helped defendants intercept Plaintiff's escrows. This happened by special recording taking place at odd hours of the night, like 1:00 A.M. or thereabouts. Or tenants belonging to Plaintiffs properties were instructed not to pay rent to cause Plaintiff's to default on their loan payments, and then these properties somehow ended up in defendants' name, or their surrogate's name. One such sample is the Deed of Trust recorded on September 1, 2000, against 11909 Palm Ave. Bakersfield Property Plaintiff's homestead although valid on its face, is void in that Plaintiffs' were made to loose their right to profit from at least (10) properties taken away by the same lender group i.e. New Century, and its alter egos such as Select Portfolio, DLJ Mortgage, Ocwen Federal, GMAC etc where is Plaintiff's had profited from their legal right to profit Beneficiaries and/or predecessor of the Note would be fully satisfied on the Plaintiffs homestead on the obligation which secured by the Deed of Trust. This deed of Trust is now being claimed by New Century to be in default, while DLJ is claiming ownership and New Century and Select Portfolio continue to send Plaintiff's bill as if Plaintiff were the owner, and DLJ claims ownership, while Plaintiff ("BAKARFIT") retains possession and legal ownership of said property.

17

18

19

20

21

35. Plaintiffs are informed and believe and thereon allege that the Deed of Trust California Docket No. Dated May 28, 1998 Document # 019869158 assigned to Plaintiff ("BAKARFIT") remains intact of record by virtue of a mistake of fact on the part of Defendants NCM, GMAC, OCWEN SPS and NDSC, DLJ and each of them. Defendants and each of them have been advised by Plaintiffs' Beneficiaries and/or predecessor that the obligation has been satisfied in full and failed to properly credit the "note" in such a manner as to keep the Deed of Trust on record.

22

23

24

25

26

36. As a proximate result of the above-mentioned acts of Defendants and each one of their known and unknown doe accomplices activities, there is a reasonable apprehension amongst plaintiffs that the continued existence of claims of foreclosed or defaulted Deeds of Trusts, inclusive of a l **May 03, 2007** conversion deed of trust recorded against plaintiff homestead farm of two decades and current residence located at 11909 Palm Ave, Bakersfield California 93312 as one of the ten

27

Civil Rico Complaint for Damages and Equitable Relief

14

28

approximate properties claimed by New Century or surrogates such as **"DLJ" impersonating** as third party buyer, shall continue to deprive plaintiffs, income, peace of mind, right to earn, enjoyment, right to equity and normalcy of life and right to property ownership and working out of their own farm/house/office/studio as they knew it, especially when all sales are generally conducted by an escrow and Title Company, and all such rights are barred to Plaintiff by defendants in the United States of America.

## FOURTH CAUSE OF ACTION

### BREACH OF STATUTORY DUTY

37. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-16, by reference as though set forth herein, inclusive of general allegations listed in paragraph 16 -107 and specific preliminary allegations incorporated and inclusive of paragraph 34-37 by reference as set forth in full.

38. Defendants took title on at least three dozen properties by initiating foreclosures without notice or compliance with rules of state governing foreclosure procedure. In California Defendants were required within ten days following the recordation of the notice of default, to deposit or cause to be deposited in the United States mail an envelope, sent registered or certified mail with postage prepaid a copy of the recorded notice of default to Plaintiffs, pursuant to California Civil Code, section 2924b (b) (1).

39. Plaintiff alleges in most cases Defendants failed to comply with this mandatory provision of Civil Code, section 2924b(b)(1), in that Plaintiff was not, within ten days following the recordation sent registered or certified mail with postage prepaid a copy of the recorded notice of default.

40. Any party who is in the process of filing legitimate foreclosures, in the normal course of doing business that is not contaminated by issues of wrongful interception of Plaintiff's right to sell, collect rent or refinance to pull out equity to pay off or add to their estate through breaches of contract by note holder defendants, and each of them, would be required to post a copy of the notice of sale, in a conspicuous place on Plaintiff's property at lease twenty days before the sale date, pursuant to Civil Code, section 2924f (b) (1). In the event the property is/was a single-family residence, the posting shall be on the front door of the residence.

41. Plaintiff alleges Defendants New Century et al and each of them, failed to comply with the

15

1   mandatory provision of Civil Code, section 2924f (b) (1), in that no notice of sale was posted in a conspicuous place on Plaintiff' homesteads nor investment properties.

2   42. As a proximate result of Defendants, inclusive of New Century, DLJ and their unknown doe accomplices and each of their failures to comply with the mandatory provision of Civil Code, section 2924b (b) (1), 2924f (b) (1) and 2941 foreclosure proceedings commenced against Plaintiff's home/office and investment properties and continue to cause plaintiffs damages in the sum over $75,000 per property and an approximate eight hundred thousand ($800,000.00) to one Million Dollars ($1,000,000.00) arising out of violations limited to homestead located at 11909 Palm Ave. Bakersfield, California 93312, homestead for Sammye A-Bokhary Richardson, held in Trust by Plaintiff Trust and roughly an approximate three hundred thousand ($300,000.00) loss arising out of 1136 South Little Buck Loop, Tucson Arizona Homestead of Michael Richardson held in Trust by Plaintiff Trust.

11  43. As a proximate result of the above-mentioned acts of Defendants and their unknown doe accomplices and each of them have damaged plaintiff in an amount to be determined per property at trial by defendants and their surrogates and/or does failure to comply with the mandatory provision of Civil Code governing Financial, Title and Escrows (RESPA) guidelines and alleged violations of (CFLL) Code §22000 et seq.) Section 2924b (b) (1), 2924f (b) (1) and 2941[3]; plaintiff had to incur attorney's fees and cost in an amount according to proof.

16  44. As a further proximate result of Defendants and each of their failure to comply with the coffee arm contract, which require plaintiff procure pristine credit and 25% percent equity, and defendants failure to account for those equities, when sold for initial loan amounts without injured plaintiffs knowledge or permission is cause for breach of contract, on all coffee arm loans recorded against properties.

**(*See* Exhibit 2 to be supplemented by Title insurers in the event, lenders' are claiming incomplete documentation through Bankruptcy).**

45. As a proximate result of the above-mentioned acts of Defendants As a proximate result of the above-mentioned acts of Defendants and their unknown doe accomplices plaintiff have suffered damages in an amount to be determined at trial, defendants and each of them have caused a loss to plaintiffs by intercepting legal buyers to sell and profit from sales to pay off disputed and or undisputed debts created by defendants; merely to get away from these defendants; a fact worth

16

27  Civil Rico Complaint for Damages and Equitable Relief

1   noting as plaintiffs good faith effort even under duress and the same was met with every

2   imaginable and possible breach of contract by defendants to disable and restrain plaintiffs from

    paying off the trust deeds despite controversy of debt.

3                                    **FIFTH CAUSE OF ACTION**

4   **ACCOUNTING VIOLATION FOR FAILURE TO COMPLY WITH (CFLL) §22000 et seq**

5   46. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-16, by

6       reference as though set forth herein, inclusive of general allegations listed in paragraph 16 -107

7       and specific preliminary allegations incorporated and inclusive of paragraph 38-46 by reference

        as set forth in full.

8
    47. The application of various state and Federal authorities against deep pocket corporations to

9       refrain from payment of kickbacks, briberies, and accounting fraud did not deter defendants from

10      continuing their rampage against weaker consumers. California Corporation Commissioners

11      application against one such defendants is offered as a specific sample levied against New

12      Century, ordering this defendant to desist and refrain from continuing accounting fraud, the

13      Commissioner sought pursuant to (CFLL) code §22712), was bypassed by its surrogates and

        covered up by Bankruptcy by this defendant and its surrogates. These statement of facts by
14
        California Commissioners are therefore applied in support thereof, as the measure against named
15
        defendants for similar actions in support thereof in this case by the name defendants and
16
        continued by and through its agents partners, associates, trustor's, attorneys, trustees, as if set

17      forth against "New Century" and an offer of proof of complete accounting of properties taken

18      from plaintiffs though various means is sought, to prove that all requirements pursuant to the loan

19      contracts and Title policies were not met by defendants under guidelines of RESPA and that

        plaintiffs were never given a fair chance to comply with their good faith right to pay off the bad
20
        faith note recorded against plaintiffs estate. If plaintiff were allowed to sell their estate at a profit
21
        based on ten years of labor they employed to raise the trust estates value the majority of the
22
        Plaintiff's estate would be free and clear with the sale of one or more properly/ties.

23  48. There was no accounting for amount of monies taken by defendants that belonged to Plaintiffs'.

24      Such amount was paid to defendants by secretive escrows and the settlement statements and

25      demand letters are unknown and cannot be ascertained without release by escrow of all settlement

26      statements, appraisals, appraisals, comparable values in 2004-2006 of properties identifying what

                                                                                                            17
27  Civil Rico Complaint for Damages and Equitable Relief

28

Plaintiff refers to as stolen equities.

49. As a proximate result of the above-mentioned acts of Defendants and their unknown doe accomplices conduct, plaintiffs are damaged in an amount to be determined at trial, and/or as set forth in detail above; meanwhile plaintiffs continue to suffer from defendants' continual demands upon plaintiffs without addressing the underlying cause of foreclosures of the missing accounting. "New Century" "NCM", GMAC, OCWEN, SPS and "DLJ" and each named defendant is accountable for the missing funds, starting with the homesteads, so as to allow plaintiffs security to sort out the losses suffered by the direct acts of "Fidelity Title" and "FATCO" as the enterprise who was the gatekeeper to these funds.

## SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-16, by reference as though set forth herein, inclusive of general allegations listed in paragraph 16 -107 and specific preliminary allegations incorporated and inclusive of paragraph 47-50 by reference as set forth in full.

51. The actions of Defendants as alleged above were done in a deliberate and intentional manner. Defendants knew that intercepting plaintiffs tenants from paying them rent would commence wrongful foreclosure action upon Plaintiff estate including their homesteads, and such foreclosures would cause distress and result in severe emotional and mental trauma and plaintiffs actions under this mental state could be used by defendants to marginalize their credibility. Plaintiff's without access to their income would be seen as mad or crazy when they would proceed in Pro Se and defendants could continue uninterrupted to "proceed with intent" to take over property after property and the good name of the plaintiff. When Plaintiff's beneficiaries complained that they were made weaker by lack of finances and their trust income they were used to, defendants mocked them as "mad and vexatious" and sent letters to their business associates and general public, their hired attorney's and state Judges so as to marginalize Plaintiff's beneficiaries image as an effort to intimidate Plaintiff's beneficiaries from exercising their constitutional right of redress and Due Process.

52. The above-mentioned acts of Defendants were intentional, willful, wanton, malicious and oppressive and outrageous.

Civil Rico Complaint for Damages and Equitable Relief

18

1    53. The above mentioned justifies an award of punitive damage in an amount greatly in excess of the minimal jurisdictional amount of this Court.

2

3    54. Defendants offer proof to determine the amount of damage they caused plaintiff and such damage amount to be determined at trial as to the amount of suffering inflicted upon plaintiffs and the severe emotional and mental distress it caused including, but not limited to, nervous breakdown symptoms of fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation, indignity, embarrassment, sleeplessness, headaches, worth damages in an amount according to proof and proof of sufferings substantial or enduring quality that no reasonable person in a civilized society should be expected to endure it.

4

5

6

7

8    55. The facts in this case are not in dispute, defendants engaged in conduct that the state regulators call unlawful. This conduct caused multiple victims, and plaintiffs are one of them. (see 4304 Cyclone Dr. Bakersfield, California and the involvement of Wells, Fargo bank, GMAC, First American Title as successor Trustee, Loanstar, and individuals from 1994 through June 16, 2004 continuing moving on in the face of continual acknowledgments from state and federal authorities such as this on November 08, of 1999 Realty Times quotes then California Insurance Commissioner Chuck Quackenbush:

9

10

11

12

13

14

15    *"Such inducements, or kickbacks, are prohibited so that title companies do not discriminate in their charges to customers," Quackenbush said. "This prohibition also ensures that the interests of consumers are the primary concern of a consumer's real estate agent who might otherwise be tempted by the rebate or kickback to place the interests of the consumer as secondary." .... Also, First American's Los Angeles County title operation was prohibited from participating in any marketing activities and accepting any new orders for a one-day period. The company also agreed that its Los Angeles residential sales force would not market residential title services for a period of five business days*

16

17

18

19

20    *First American has agreed to cease the following activities:*

21    • *Paying for escrow coordinators or marketing representatives in the offices of real estate licensees, and payment of rent in real estate offices;*

22    • *Providing printing services to real estate licensees*
     • *Providing computer hardware or non-proprietary software, as well as computer support, to real estate licensees*

23

24    • *Making gifts to real estate licensees, as well as providing food and beverages at open house events for real estate licensees*

25

26

27    Civil Rico Complaint for Damages and Equitable Relief

19

28

1

2

3

4

5

6

- *Providing funding for special events held by real estate licensees, such as office open houses and grand openings, sales retreats, telemarketing nights, Christmas and holiday parties, awards meetings, banquets and office parties*
- *Paying for special events of its own, in violation of prescribed limitations on the amount of such entertainment and the circumstances where such entertainment is appropriate*
- *Paying for various forms of business support to real estate licensees*
- *Paying for, on behalf of real estate licensees, training on subjects unrelated to the business of title insurance*
- *Constructing and falsifying records in the Los Angeles office to conceal the payment of unlawful consideration.*

7 Followed by:

8 *Latest Title and Escrow Suit Seeks Billions from Fidelity - 06/18/99*

9 *Latest Industry Suit Raises Red Flag for Consumers - 05/24/99*

10 *Published: November 8, 1999"* and see the language listed in enclosures marked [3, 4].

11 **56.** As a proximate result of the above-mentioned acts of deep pocket defendants and their unknown

12 doe accomplices conduct, plaintiffs are no match to challenge the above structure when the

13 combined power of the state authorities have not been able to stop it; the only relief that can be

14 obtained once and for all is a trial in a impartial federal court by a Jury of uncontaminated peers;

15 time being of the essence to stop the release of funds to debtors in possession and their alleged

16 accomplices according to proof and for which defendants denial and/or failure to admit, does not

17 limit plaintiffs right to allege when supported by defendants own activities to be *"uncontrollable"* and an *"addiction"* by state regulators and bankruptcy examiner.

18 ## SEVENTH CAUSE OF ACTION

19 **NEGLIGENCE**

20 57. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-16, by

21 reference as though set forth herein, inclusive of general allegations listed in paragraph 16-107

22 and specific preliminary allegations incorporated and inclusive of paragraph 51-57 by reference as set forth in full.

23 58. Offer of proof is made that defendants had no regard for duty of care it owed to clients and

24 Plaintiff was no exception, therefor these defendant(s) are capable of any action to ensure its

25 interest come before its clients.

26 59. Corporate Defendants breached their duty of care owed to Plaintiff by commencing and

27 Civil Rico Complaint for Damages and Equitable Relief

20

28

1    continuing to foreclose and proceed with sales of stolen properties, after breaching contracts.

2    60. As a proximate result of the above-mentioned acts of Defendants and their unknown doe
     accomplices conduct, plaintiffs are damaged in an amount to be determined at trial and/or as set

3    forth in detail above; plaintiffs continue to suffer severe emotional, mental, physical injuries and

4    damages and as such, damage is due in an amount in excess of jurisdictional limits of this court.

5                                **EIGHTH CAUSE OF ACTION**

6    **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

7    61.  Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-16, by

8        reference as though set forth herein, inclusive of general allegations listed in paragraph 16-107

9        and specific preliminary allegations incorporated and inclusive of paragraph 58-61 by reference

10       as set forth in full.

11   62. At all material times and in doing the things alleged herein, defendants knew or should have
         known that plaintiffs were susceptible to suffering severe emotional distress if defendants

12       continued to proceed with their tactics which eventually took control of each and every aspect of

13       Plaintiffs past, present and ongoing labor and right to earn, including the illegal taking over by

14       Title change, false debt collections, assessments, bad faith foreclosure sales, and false tax

15       assessment against plaintiffs and its beneficiaries homesteads without regard to what the

16       controversy caused by no accounting and lack of UCC1 filings for removed inventory and

17       missing chattel from these executive single family homes was doing to Plaintiffs mental state.

18   63. Defendants knew or should have known plaintiffs earn their living from collection of rents,
         construction of property, good credit so as to pay off construction lenders through conventional

19       lenders, buying and selling properties and general local goodwill as members of the Chamber and

20       local business people who looked for new comer executives to rent their custom built homes.

21   64. As a proximate result of the concentrated effort to defame Plaintiffs, Defendants used Marvin

22       Chambers and convicted Felons Richard Romero and Peri Locklear to file false State and Federal

23       authorities, create notes, letters, claims of bogus debts and allegations to marginalize Plaintiffs in

         the eyes of judges, prospective business associates, and the public to ruin plaintiff's image as a
24
         viable victim. In this endeavor they may have been helped by state or federal rogue does to create
25
         and record false liens and intercept Plaintiffs legal right to collect earnings lying with Federal and
26

27   Civil Rico Complaint for Damages and Equitable Relief

                                                                                          21
28

state governmental department and such interception likely to continue without legal relief.

65. As a proximate result of the above-mentioned acts of Defendants and their unknown doe accomplices continued pattern of activity plaintiff's are damaged in an amount to be determined at trial; whereby plaintiffs have and continue to suffer severe emotional and mental distress including but not limited to, highly unpleasant mental reactions, such as fright, lack of breathing, nervousness, grief, anxiety, worry, mortification, shock, humiliation, indignity, embarrassment, sleeplessness, headaches and other psychological damage in an amount according to proof. Said emotional distress was of a substantial quantity or enduring quality that no reasonable person in a civilized society should be expected to endure it.

## NINTH CAUSE OF ACTION

### FRAUDULANT CONCEALMENT

66. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-16, by reference as though set forth herein, inclusive of general allegations listed in paragraph 16-107 and specific preliminary allegations incorporated and inclusive of paragraph 62-66 by reference as set forth in full.

67. Defendants' 18 U.S.C. §152 (1)-(9) activities breached Plaintiffs due process rights, violated California arbitration clause does pending discovery such as Juliann Sanchez, Marvin Chambers were allowed to continue for over a period over five to blackmail plaintiffs.

68. Plaintiff alleges on information and belief that each of the representations described herein by Plaintiffs in reference to allegation of fraudulent concealment of illegal activity by deep pocket Defendants and their surrogates is a fact; and that fact is backed by documents that prove defendants passed concealed notes to a Federal Jury outside court proceedings, and these concealed notes were meant to influence Jurors against plaintiffs beneficiaries to intercept from obtaining relief for defendants verified crimes; these secret notes written and signed by Marvin Chambers and others called for the imprisonment of Plaintiffs beneficiaries, by insinuating claims of defendants alleging false debt, made possible through forgery, bribery and perjury, with the sole goal to take away Plaintiff's estate with the help of liens created to benefit bribed surrogates in return of making false or misleading claims in favor of defendants as described above, and this activity performed in the normal course of doing business as a standard modus of operands of certain deep pocket defendants to punish plaintiffs beneficiaries for reporting these crimes to state

Civil Rico Complaint for Damages and Equitable Relief

22

1    authorities and obtaining criminal convictions where plaintiffs beneficiaries were named victims.

2    69. Defendants continual these secret and or concealed transactions, global and blanket enjoinments, padded bill and false claims and dues with a history of filing non served duplicative concealed

3    suits based on these false claims sometimes naming fraudulently concealed or nonexistent

4    defendants on plaintiffs interests without naming plaintiff, to disable plaintiffs from securing their

5    own interest, as a trick to obtain default judgments on plaintiffs property/ies, after plaintiff is

6    made to jump through hoops to appear in these cases, only to be told to get an attorney or ignored

7    displays gross negligence and total disdain for the law, by defendants, their agents, hierarchy, employees, and attorneys.

8    70. As a proximate result of defendants and each of them and their unknown doe accomplices

9    conduct plaintiff have been damaged in an amount to be determined at trial.

10   71. Meanwhile plaintiffs continue to suffer without relief for over five years and defendants and each

11   of them continue to prosper, grow and benefit from plaintiffs losses caused by damages from

12   concealed violations of plaintiffs due process and basic constitutional rights in an attempt to

13   intercept Plaintiffs right to equal access to justice, legal representation, right to attorney client

14   privilege as can be seen in the breach by California Attorney Richard Lima resulting in barring

15   Plaintiff to claim their right to loyalty owed to Plaintiffs by retained counsel; right to own Real

16   Estate and or chattel in the United States Of America and earn a living or exercise the right to

17   access their legal equity according to proof; because of the fraudulent acts of defendants enabling

     Defendants to continue to conceal this non-core income scheme through fraudulent concealment.

18                                    **TENTH CAUSE OF ACTION**

19   **72. INFRINGEMENT OF THE PLAINTIFFS CONSTITUTIONAL AND DUE PROCESS**

20   **RIGHTS**

21   73. Plaintiffs incorporate in this cause of action the allegations contained in paragraphs 1-16, by

     reference as though set forth herein, inclusive of general allegations listed in paragraph 16-107

22   and specific preliminary allegations incorporated and inclusive of paragraph 67-72 by reference

23   as set forth in full.

24   **DAMAGES**

25   74. The allegations of paragraphs 1 through 74 and its subsections above are incorporated herein by

26   reference as though set forth in full herein.

                                                                                          23
27   Civil Rico Complaint for Damages and Equitable Relief

28

75. The extent of the damages sustained by plaintiffs, members of its Limited Liability Company and beneficiaries of its Trust and the appropriate measure of damages is:

76. A declaration unlawfully enjoined Plaintiffs and its owners, and beneficiaries from closing an escrow or title transaction in the entire United States of American and as such are entitled to declaratory and/or injunctive relief in the amount equal to the losses.

77. Plaintiffs' credit reports and Title reports reviewed for actual debt owned by Plaintiffs to the parties listed as debt collectors and for each wrongful debt collection the named defendant be held liable for equal and/or treble punitive damages to be paid to plaintiffs.

78. Plaintiffs' property/ies escrows be examined from the time of interception as the relevant period, and such interception be deemed cause of financial insolvency, for which the responsible defendant be individually and/or collectivity be held liable for actual and punitive damages, if malice is proven.

79. Offer of proof sought from defendant for initiating malicious demand letters and wrongful proceedings for unlawful debt collection as to why their bank accounts and financial record should not be subpoenaed to obtain an exact accounting of the alleged unjust enrichment.

80. In return of Plaintiffs, its beneficiaries/members Michael Richardson and Sammye Richardson permanent blacklist from continuing on with their rental and garment business; the only business they know, at the hands of the alleged "Godfathers of the enterprise" "FATCO and "Fidelity". Wherefore, damages are sought from deep pocket defendants specifically "FATCO and "Fidelity" to pay for a national defense fund for victims of its own crimes, out of which they must compensate in cash up front to its verified victim, the instant plaintiffs.

81. For such and any wrongful disclosures, non disclosures, fraudulent concealment, breaches of contracts, breaches of California, Arizona and Delaware arbitrations clauses, false debt collection practices liens based on bribed, paid-off, global, padded bills-both known allegations raised in instant complaint and unknown debt collected or collecting practices affecting said proceeding inclusive of related and concurrent bankruptcy activities displaying gross negligence and a disdain for the law by defendants, their agents, hierarchy; employees, and agents; to allow for compensation to plaintiff for legal services in a fair and adequate amount requiring an estimated of one million plus man hours of travel, research and ongoing favors for unpaid services owned because of this case and to ensure this payment does not get charged back to plaintiffs, directly or

Civil Rico Complaint for Damages and Equitable Relief

1     indirectly; as they are not liable for the damages caused to themselves, their members and
      beneficiaries and by relationships to members of the public and family of the estate beneficiaries,
2     by the defendants and defendant surrogates actions;

3  82. A factual declaration that defendants allowed the use of convicted felons Richard Romero's name
4      to change titles back and forth and to destroy plaintiff credit.

5  83. A factual declaration that defendants allowed the use of convicted felons Richard Romero's name
6      to change titles back and forth to collect revenues that belonged to plaintiff, see 1136 South Little
7      Buck Loop, Tucson Arizona 85745.

8  84. A factual declaration that defendants allowed the use of a false lien of $1.3 Million under false
       pretense to foreclose on an estate over forty million, while leaving the lien intact against the
9      innocent plaintiffs and their beneficiaries.

10 85. A factual declaration that defendants allowed the use of convicted felons Richard Romero's name
11     to change titles back and forth to obtain an avoidance actions against innocent plaintiff for five
12     properties out of six dozen properties to marginalize plaintiffs after defendants were caught red
13     handed selling stolen properties.

14 86. A declaration under penalty of perjury, by plaintiffs beneficiaries certifying defendants' position
       on the treatment of whistle-blowers plaintiffs' as standard procedure of doing business within
15     defendants commerce operation and the operations treatment of consumers who had superior
16     knowledge of the enterprises' officers' wrongdoing.

17 87. An offer of proof demanded as to the involvement of defendants and surrogates, rogue judge
18     Christina Snyder and spouse working as agent of No. 07-10416(KJC)[1] debtors in possession
19     named in adv 07-51598 (KJC)[2] with the prima fascia appearance of influencing a presiding
20     judge spouse to obstruct ongoing litigation against his clients during the relevant bankruptcy
21     period by concealing ongoing bankruptcy proceedings; rogue officer of court Robert Hillison, his
       protégées partners at Caswell Bell & Hillison; rogue R.E. Broker Debbie Banducci; Frank St.
22     Clair Development and its owners; Long Realty, Tucson Arizona, David McEvoy; "Devcon",
23     StarrPass Enterprises; Kenyon Terrace Development and alleged insider counsel; David McGraw,
24     Moss Pite and Duncan, Michael Dellestrito, Trudi Manfredo, Randell Parker, First American
25     Title and its various entities convicted felon Richardson Romero and convicted felon Peri
26     Locklear and Juliann Sanchez, Marvin Chambers et al for funds generated from innocent

                                                                                              25
27  Civil Rico Complaint for Damages and Equitable Relief

28

1    plaintiffs estate to finance the alleged payback for "*pay for play*", scheme and a demand for

2    turnover of ill gotten gains to their victims.

88. A factual declaration that defendants used threats of FBI, rogue officers of court, private and

3    governmental officials to silence plaintiffs' or strong-arm plaintiffs as recipient of threats to walk

4    away from seeking relief; in the alternative be forced to self represent without "legal

5    representation" or "due process" as their constitutional right allows them; wherein the

6    constitutionality of any Act of Congress affecting the public interest is drawn in question, and US

7    Attorney General, to permit the US to intervene for presentation of evidence, if evidence is

8    otherwise admissible in the case, and for argument on the question of constitutionality where in

     addition to claims for causes of action 1 through 9 against all defendants and non governmental

9    agencies the United States shall and the State shall, be subject to the applicable provisions of law,

10   have all the rights and be subject to liabilities of a party, as to court costs to the extent necessary

11   for a proper presentation of the facts and law relating to the question of constitutionality and to

12   face civil and criminal prosecution if discovery is permitted to Plaintiffs without obstruction of

13   justice from a discredited Ninth Circuit Justice Mary Schroeder. *See* **2403(a), (b).**

89. For damages afforded to plaintiffs and its beneficiaries according to proof as verified victims of

14   crime. *See* California and Arizona bill of rights governing separately issued orders, allowing

15   punitive damages under federal law if the same is deemed fair for federal claims, in addition to

16   equitable relief; plaintiff to seek an amount in excess of the minimum jurisdictional limits of this

17   Court from defendants and accomplice enterprise.

18                                    **REQUESTS**

19   90. Plaintiffs' demand trial by jury on original, supplement and removed cases.

20   91. Plaintiffs' request "Civil RICO" certification.

21   92. Plaintiffs' request certification of Complex case.

     93. Plaintiffs' request courts review this case for a waiver of local pro hac vice; in the interest of justice
22   and under the statutes governing judicial fairness for victims of crime lead to insolvency because of
     the crimes. In a proceeding where the lead attorney has ascertained the validity of this case to
23   justify a contingency relationship with the firm's clients, this counsel is not aware a firm at this
     time in Delaware who would do the same as local counsel:
24   94. Three express statutory requirements govern the pending bankruptcy and related state court actions
25   pending transfers or removal; the pending civil actions involves, "one or more common questions
     of fact"; the transfer is at all relevant times for the "convenience of parties and witnesses" on the
26

27   Civil Rico Complaint for Damages and Equitable Relief                                    26

28

whole; and the transfer "promotes the just and efficient conduct of such actions" that are deemed civil racketeering.

## PRAYER FOR RELIEF FOR FIRST CAUSE OF ACTION AS FOLLOWS:

95. WHEREFORE, plaintiffs (BAKARFIT") "The Life, Liberty and the pursuit of happiness for the Bokhary, Asghar, Khwaja and Richardson family Irrevocable Trust" and Rock Of Gibraltor, LLC, ("ROCK") pray for judgment against defendants and each of them for first cause of **civil racketeering action** against defendants in an amount according to proof including, but not limited to actual damages, as follows:

95.1    For an order certifying tolling statutes as allowed under certain sustained RICO actions;

95.2    For a declaration of the rights and liabilities of the parties;

95.3    For an order pursuant to 18 U.S.C. § 1964 (a) immediately dissolving the aforementioned RICO enterprises inasmuch as said enterprises are mere subterfuges and alter ego vehicles for the aforementioned defendants to engage in corrupt, violent, and illegal conduct, as alleged herein;

95.4    For an order pursuant to 18 U.S.C. § 1964 (a) commanding the immediate and permanent expulsion of all RICO defendants from further participatory management, direction, and control of the identified RICO enterprises;

95.5    For an order pursuant to FRCP Rule 65 and 18 U.S.C. § 1964 (a), to immediately cause issuance of preliminary and permanent injunctive relief to restrain and prohibit all defendants and their respective attorneys, accountants, agents, consultants, counselors, designees, employees, servants, deputies, nominees, representatives, directors, officers, trustees, partners, both general and limited, and any one acting pursuant to any power of attorney, general or limited, from dissipating and/or otherwise disposing of any and all properties, real and/or personal, including all monies, within their possession and control, pending resolution of these proceedings at trial;

95.6    For compensatory damages, said sum to be trebled pursuant to 18 U.S.C. §1964 (c);

95.7    For punitive and exemplary damages according to proof;

95.8    For prejudgment and post-judgment interest;

95.9    For reasonable attorney's fees pursuant to 18 U.S.C. § 1964 (c);

95.10   For costs of suit incurred herein;

Civil Rico Complaint for Damages and Equitable Relief

27

1   95.11  For such other and further relief as the court may deem proper.

2   95.12  For judgment in favor of Plaintiffs.

3   95.13  Offer of proof, why Plaintiffs should not be granted victim status as defined by [RICO PERSONS CONTROLLING SECTION] pursuant to § 1961 (3) definition for any "person" which includes any individual or entity capable of holding a legal or beneficial interest in property.

4

5

6   95.14  Offer of proof, why Defendants with the exception of the two named State Judges/Courts not be defined godfather or [RICO PERSONS CONTROLLING SECTION] status pursuant to § 1961 (3) which defines any "person" which includes any individual or entity capable of holding a legal or beneficial interest in property.

7

8

9   95.15  Offer of proof against Defendants, with the exception of the two named State Judges/Courts why Plaintiffs should not be granted a claim for RICO PERSON victims of (Arms; Associates-in-fact; Inter Alia hierarchy) status pursuant to [RICO TITLE 18 UNITED STATES CODE § 1961(3)] 71, definition *where any "person"* including any individual or entity capable of holding a legal or beneficial interest in Plaintiff's estate by allegations defined by 1970 RICO Act are rendered arms; associates-in-fact and/or inter alia hierarchy.

10

11

12

13

14

15   95.16  Offer of proof against Defendants, with the exception of the two named State Judges/Courts why Plaintiffs should not be granted a claim for RICO PERSON claim against an enterprise, pursuant to [RICO TITLE 18 UNITED STATES CODE § 1961(4)] definition of (Godfather/ perpetrators/arms) of an *"enterprise"* to include *any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity*

16

17

18

19

20   **PRAYER FOR RELIEF FOR SECOND CAUSE OF ACTION**

21   96. WHEREFORE, plaintiffs (BAKARFIT") and Rock Of Gibraltor, LLC, ("ROCK") pray for judgment against defendants and each of them for second cause of action for **Quiet Title** against each property of trust estate in the control of defendants or their associates, in an amount according to proof, including but not limited to actual damages, as follows:

22

23

24   96.1        Turnover by Quiet title, Warranty and Grant Deeds, one property at a time starting with current homestead located at 11909 Palm Ave Bakersfield California 93312, taken by and through activities controlled by civil racketeering and governed by A.R.S. §13-2301(d)

25

26

27   Civil Rico Complaint for Damages and Equitable Relief

28

28

(4), for violation of § 13-2312 for the benefit of plaintiff, entitled to remedies pursuant to a racketeering offense with rights under A.R.S. §13-2314(f).

96.2       May 03, 2007 deed based on trust deed dated August 26, 2000 and recorded on September 1, 2000, in the Official Records of the Recorder of Kern County, as Document Number 0200110469, to be declared void and of no force and effect;

96.3       Wherefore court is moved to declare void all defaults currently in favor of defendants under any Deed of Trust and Warranty deed in favor of plaintiff.

96.4       **The reinstatement and/or compensation for the following:**

**Docket 10802; PAGE 666 MAY 22, 1998;**

**California Docket Dated May 28, 1998 DOCUMENT #. 019869158.**

**Developer right of Plaintiff secured by DM99-020748.**

96.5       Defendants, or assigns and each one of them, have no interest in the real property/s and development rights and earnings listed in Para 93.4;

96.6       That Defendants and each of them be ordered to produce all original Grant and warranty deeds for exhibit 2, and current status of ownership.

96.7       Defendants re-convey properties back to plaintiffs, listed in concurrent cases pending in state court under Kern County S-1500-CL-216249 and C2006-6164, back to the trust.

96.8       Defendants, and each of them, be ordered to cancel the specific Deed of Trust against 11909 Palm Ave., Bakersfield and deliver it to Plaintiff or the Clerk of this Court for cancellation;

## PRAYER FOR RELIEF FOR THIRD CAUSE OF ACTION

97. WHEREFORE, plaintiffs (BAKARFIT") and Rock Of Gibraltor, LLC, ("ROCK") pray for judgment against defendants and each of them for third cause of action for **cancellation of deeds of trust,** (inclusive of warranty deeds) against defendants in an amount according to proof including, but not limited to actual damages and as follows:

97.1       For Cancellation of deeds of trust, and warranty deeds imposed by defendants based on false claims, per property.

97.2       For compensatory damages as it refers to (BAKARFIT) beneficiary Sammye A Richardson's Homestead located at 11909 Palm Ave., Bakersfield, California 93312 in the sum in excess of Eight Hundred Thousand ($800,000.00) to One Million Dollars

29

($1,000,000.00) and according to proof; and the same formula applied per property.

97.3    For compensatory damages as it refers to beneficiary Michael A. Richardson's Homestead located at 1136 South Little Buck Loop, Tucson Arizona 85745 in the sum in excess of Three Hundred Thousand ($300,000.00) to One Million Dollars ($1,000,000.00) and according to proof; and the same formula applied per property.

97.4    For compensatory damages as it refers to the actual value of Plaintiff's estate located in Arizona and California, taken from Plaintiff under false pretense, in the sum in excess of Forty Million Dollars ($40,000,000.00) to One Hundred Million Dollars ($100,000,000.00) inclusive of missing rental income and according to proof;

97.5    For special and consequential damages.

97.6    For compensatory damages in the sum in excess of Eight Hundred Thousand ($800,000.00) to One Million Dollars ($1,000,000.00) and according to proof;

PRAYER FOR RELIEF FOR FOURTH CAUSE OF ACTION

98. WHEREFORE, plaintiffs (BAKARFIT") and Rock Of Gibralter, LLC, ("ROCK") pray for judgment against defendants and each of them for fourth cause of action for **breach of fiduciary duty,** against defendants in an amount according to proof including, but not limited to actual damages arising out of defendants and each of their breach of California, Arizona Title Policies, escrow instructions, loan agreements, arbitration clauses and gentlemen's agreements, assignments and promises to plaintiffs, in the amount equal to the actual notes and amount of replacement value of the insurance policies per property, plus interest, on the entire value of the property and any and all unpaid profits from rents collected and profits made from promotional material and or use in advertizing, commercials and motion pictures.

98.1    Such Trust deeds to be rendered null and void, and or that judgment be made directing the transfer of titles back to the Trust Estate according to law, with the release of any and all cash proceeds applied in payment of the costs of Court, the expense of removal of levy and the additional expense of travel and housing of out of state attorney to secure funds, estates, and chattel over and above reasonable attorneys' fees, so as to allow lead counsel to secure professional third party hands on help so as to relieve plaintiffs from further distress.

98.2    For a declaration that Defendants and all persons claiming ownership or rights as fronts for debtors in bankruptcy, whether as purchasers, lessees, lien claimants, judgment creditors,

Civil Rico Complaint for Damages and Equitable Relief

1    claimants under a trust deed, mortgage, or other security agreement, encumbrances, or
     otherwise, shall be barred and foreclosed from all right, title, claim, interest, or equity of
2    redemption in the Trust Estate, on the date of turnover or compensation to (BAKARFIT).

3    98.3    That the Court permits plaintiff (BAKARFIT) to regain its legal ownership of its estate free
4            of liens and all assessments and taxes waived or paid by defendants.

5    98.4    That the Court award plaintiffs any and all additional sums that it hereafter expends to
6            protect its interest in the Trust Estate, together with interest thereon, according to proof;

7    98.5    That the Court award plaintiff a deficiency judgment against defendants for any deficiency
             that may remain after the turnover for the items missing under UCC1 statements, for an amount
8            including principal, interest, costs, expenses, fees, and attorneys' fees, exceeding the fair market
9            value of the Trust Estate as of the date of the conversion.

10   98.6    That the Court order adjudge and decree that plaintiff may appoint its own attorney in trust
11           H. Nasif Mahmoud to execute a deed to the trust or person or entity the trust estate decides to be
12           the future purchaser without interception by defendants.

13   98.7    For compensatory damages in the sum in excess of Eight Hundred Thousand ($800,000.00)
             to One Million Dollars ($1,000,000.00) for 11909 Palm Ave Bakersfield, California for the act
14           of distress according to proof and the same formula applied per stolen property.

15                              PRAYER FOR RELEIF ON FIFTH CAUSE OF ACTION

16
17   99. WHEREFORE, plaintiffs (BAKARFIT") and Rock Of Gibraltor, LLC, ("ROCK") pray for
         judgment against defendants and each of them for fifth cause of action for **accounting violations**
18       **(failure to comply with (CFLL) §22000 et seq[3]),** in an amount according to proof including, but
19       not limited to actual damages arising out defendants refusal to provide accounting of profits made
20       from the sale, takeover, conversion of plaintiffs properties recorded in Plaintiffs name from 1998
21       through 2005, in the amount equal to the actual market value of each property at the time of
22       conversion, relevant to the period of when most conversions took place (2004-2006), which does
23       not exclude the exceptions of the occasion foreclosure to test Plaintiff's ability to fight back after
24       their income was intercepted by theft starting 1995 through 1999 to 2001 which led to Plaintiff's
25       beneficiaries Bankruptcy and the abandonment of Plaintiff's and its estate by special reference as
26       property belonging to a third party and yet sold under color of Bankruptcy by and through

27   Civil Rico Complaint for Damages and Equitable Relief

                                                                                                    31
28

1
2
3
4
5
6
7
8
9

attempted interception of all income starting as early as 1999, and picking up pace between 2002-2003, all through 2007 and continuing into this current period allowing plaintiff's to reserve their legal rights for unknown exceptions caused by defendants license to conceal activities, acts and dates of title conversions and accounting of incoming and outgoing cash flow on the entire value of the trust estate and any and all collected rents and non-profit HOA dues received and increased in cash value by the labor and artistic capability caused by Plaintiffs' manual and physical labor and related improvements in chattel, offering and design, all made possible by plaintiffs desperate attempt to continue to labor, advertize, print brochures, promote sales and or generally improve these properties in an attempt to save them from foreclosure attracting even motion pictures studios and high end executives and such interest generated as a result of the improvement made by Plaintiff's resulting in profit to Defendants from reinvestment that belonged to plaintiffs.

10
11

99.1    For the statutory penalty pursuant to Civil Code, section 2941(d) in the sum of Five-Hundred Dollars ($500.00) per property.

12
13
14

99.2    For accounting damages pursuant to findings of wrongdoing against New Century et al and failure to file UCC 1 filings for removal of personal effects and for failure to comply with (Financial Code sections 22000 et seq.) and applicable regulations of ("CFLL"), and Financial Code Section 22712 per property.

15
16
17
18

99.3    For an accounting pursuant to findings of missing funds from multiple escrows where New Century, Fidelity Title, surrogates and affiliates were involved in the taking of equities from Plaintiffs through the help of the Title Companies and through each of the named defendants, which could result in the payments on Plaintiff's loan/s per property;

19
20

99.4    For compensatory damages in the sum in excess of Eight Hundred Thousand ($800,000.00) to One Million Dollars ($1,000,000.00) and according to proof on Bakersfield homestead and the equal of the value of each property lost;

21
22

99.5    For special and consequential damages according to proof for the filing of state court actions on properties to bypass accounting, according to proof.

23
24
25
26

99.6    For a declaration that the rights, claims, ownership, liens, titles and demands of defendants, and each of them, are subject, subsequent, and subordinate to the rights, titles and interests of the Trust Estate held by (BAKARFIT) as a result of breach of common law and defendants failure to itemize removal of assets from each custom home comply with UCC1 Financing Statement.

27

Civil Rico Complaint for Damages and Equitable Relief

28

99.7    For punitive damages in an amount according to proof per property;

PRAYER FOR RELIEF FOR SIXTH CAUSE OF ACTION

100.    WHEREFORE, plaintiffs (BAKARFIT") and Rock Of Gibraltor, LLC, ("ROCK") pray for judgment against defendants and each of them for sixth cause of action for **intentional infliction of emotional distress** to seek damages, appropriate relief and compensation from defendants' for tactics and techniques that led to repeated sustained mental pain and suffering, low self esteem, actions taken under duress, public humiliation, poverty, emotional humiliation, public insults, lack of proper nourishment, prolonged exposure to the elements without protection, sustained sleep deprivation, prolonged interception of income, sustained mental anguish suffered by systemic prolonged periods of time without funds, transportation, medical care, general sustenance, basic utilities leaving plaintiffs in "life-threatening conditions" that meets the legal definition of torture! against defendants and each of them in an amount according to proof including, arising out of defendants and each of their refusal to hold itself liable for the injustices it perpetrated upon plaintiffs and from actually laughing at the plaintiffs plight instead of restraining themselves and for further refusing to acknowledge the amount of actual pain and suffering it was causing plaintiff, according to proof.

100.1    For an order that the source of distress be removed.

100.2    Court determine source of distress to arise from defendants' blatant acts of unlawful taking of Trust Deeds, and the pain of watching foreclosure sales.

100.3    Any deeds of trusts or warranty deeds or grant deeds adverse to plaintiffs call for a judgment to be made directing the transfer of titles back to the Trust Estate according to law, and any cash proceeds applied in payment of the costs of Court, the expense of removal of levy and the additional expense and retaining of extra counsel to help lead counsel in the securing of all amounts and estates, including any related travel and housing for out of state attorney over and above reasonable attorneys' fees, so as to secure what is due to plaintiffs, by hands on control, in an effort to relieve plaintiffs from further distress.

100.4    For a declaration that Defendants and all persons claiming ownership or rights under Defendants, whether purchasers, lessees, lien claimants, judgment creditors, claimants under a trust deed, mortgage, or other security agreement, encumbrances, or otherwise, shall be barred and foreclosed from all right, title, claim, interest, or equity of redemption in the Trust Estate, on

Civil Rico Complaint for Damages and Equitable Relief

33

the date of turnover back to "BAKARFIT".

100.5    That the Court permits (BAKARFIT) to take back its legal ownership of the estate free of liens.

100.6    That the Court award plaintiffs any and all additional sums that it hereafter expends to protect its interest in the Trust Estate, together with interest thereon, according to proof;

100.7    That the Court award plaintiff a deficiency judgment against defendants for any deficiency that may remain after the turnover of the items missing under UCC1 statements, for an amount including principal, interest, costs, expenses, fees, and attorneys' fees, exceeding the fair market value of the Trust Estate as of the date of the conversion.

100.8    That the Court order adjudge and decree that plaintiff may appoint an attorney in trust to execute a deed to the trust or person or entity the trust estate decides to be the future purchaser without interception by defendants.

100.9    For compensatory damages in the sum in excess of Eight Hundred Thousand ($800,000.00) to One Million Dollars ($1,000,000.00) on 11909 Palm Ave Bakersfield, California and for actual remedies per properties and for pain of watching each property go up in a foreclosure sale, with humiliating remarks from the real estate agents involved in the racket according to proof;

100.10    For special and consequential damages according to proof;

PRAYER FOR RELIEF FOR SEVENTH CAUSE OF ACTION

101.    WHEREFORE, plaintiffs (BAKARFIT") and Rock Of Gibraltor, LLC, ("ROCK") pray for judgment against defendants and each of them for seventh cause of action for **negligence,** against defendants and each of them in an amount according to proof including, damages arising out of defendants refusal to hold itself liable for unfair debt collection acts and perpetrating vengeful acts upon plaintiffs' innocent entities to silence plaintiffs from exposing the actual criminals working for defendants according to proof.

101.1    That plaintiff have judgment for compensatory damages in the sum in excess of EIGHT HUNDRED THOUSAND ($800,000.00) to ONE MILLION DOLLARS ($1,000,000.00) and according to proof on 11909 Palm Ave Bakersfield California and for the rest of the wrongful taking of property according to proof;

101.2    That plaintiff has judgment against defendants for an amount to be determined at trial,

34

according to proof.

101.3    That plaintiff has judgment against defendants for exemplary and punitive damages.

## PRAYER FOR RELIEF FOR EIGHTH CAUSE OF ACTION

103. WHEREFORE, plaintiffs (BAKARFIT") and Rock Of Gibraltor, LLC, ("ROCK") pray for judgment against defendants and each of them for eighth cause of action for **negligent infliction of emotional distress,** against defendants and each of them in an amount according to proof including, arising out of defendants and each of them from restraining and refusing to acknowledge the actual pain and suffering it caused plaintiff, according to proof.

103.1 That this court declare and determine rights and liabilities of the parties and that this court thereafter declare that there is no default under the Deed of Trust and that Defendants, and each of them, are not entitled to proceed with the foreclosure proceedings and sale;

103.2.For a declaration that Title insurers and fire hazard insurers as guarantors, and where applicable according to proof, be held liable for the pain and suffering they caused plaintiffs by allowing them to pay for services that the servers had no intention of honoring, and the amount of pain and suffering be calculated per incident and per violated fire policy, commercial policy, escrow policy, Title Policy recorded for warranty deeds, grant deeds, ownership deeds, for commercial and residential liability coverage, and for a additional deficiency judgment to be entered against defendants and each of them for the same sums as against the insurers including "FATCO" and "Fidelity", until all sums are paid off in full.

103.3 That this court declare and determine rights and liabilities of the parties.

103.4 That this court declare, that there is no default under any claim initiated by defendants in state courts for breached contracts and deeds where they were not entitled to proceed with after the fact protections where properties had already been compromised.

lawful Insurance claims.

103.4 That this court thereafter declare, all insurance claims and bonds illegally obstructed to pay plaintiffs' for good faith claims to cause further injury to plaintiffs be made part of relief sought for arising out of a common nucleolus of facts and activities.

## PRAYER FOR RELIEF FOR NINTH CAUSE OF ACTION

104. WHEREFORE, plaintiffs (BAKARFIT") and Rock Of Gibraltor, LLC, ("ROCK") pray for judgment against defendants and each of them for Ninth cause of action for **fraudulent**

Civil Rico Complaint for Damages and Equitable Relief

35

1    **concealment**, against defendants and each of them in an amount according to proof including,
2    arising out of defendants and each of them from restraining and refusing to acknowledge the actual
     pain and suffering it caused plaintiff, according to proof.

3    104.1. In the event of the failure of defendants to take corrective actions of all known and
4    concealed activities, court order a simultaneous disclosure order against defendants for a debtors
5    examination as a condition for the turnover of monies and/or proceeds derived from allegations and
6    undisputed evidence of unjust gain by "*accounting violations*" for unconstitutional conversions of
7    plaintiff's trust, under color of false debt, bankruptcy, altering and forging facts, documents and
     signatures until Plaintiff was rendered hundred percent insolvent.
8
     104.2 Plaintiff prays that if the commission of each above transaction exceeds \$5,000, and involves
9    a similar continual pattern and delivery by U.S. Mail; Electronic Service, over a continual period of
10   time and across state lines, then all applicable damages that apply per act and all tolling remedies
11   for sustained racketeering and piracy to apply as is defined by active and passive elements of RICO
12   enterprise according to law;

13   104.3. Court may suspend core defendant businesses until a determination of material issues and/or
14   prayers are resolved to restrain any further use by the defendants and/or the 'enterprise" from using
15   interstate Federal Financial Institutions; Interstate Wires; Federal Highways; Federal Mail; Federal
     Transportation and Commerce for the facilitation of moving alleged stolen monies, chattel, goods,
16   original grant and warranty deeds and associated real property.

17   104.4. Court to determine that holders of alleged stolen properties are involuntary trustees holding
18   third party assets in trust for its legal owners "BAKARFIT".

19   104.5. For compensatory damages in the sum in excess of the amount and property taken by
20   fraudulent concealment.

21                       **PRAYER FOR RELIEF FOR ALL CAUSES OF ACTION**

22   105.Plaintiff  BAKARFIT") and Rock Of Gibraltor, LLC, ("ROCK") incorporate herein by this
23   reference all preceding paragraphs of their complaint as if fully set herein, and pray for judgment for
     the following:
24
     105.1. For attorneys' fees;
25
     105.2. For costs of suit incurred herein;
26
                                                                                              36
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

105.3. For costs of enforcing the Loan Obligation Agreements;

105.4. For additional sums, if any, that plaintiff hereafter expects to travel and to protect the security interest in the Trust Estate, together with interest thereon according to proof; and

105.5. For such other and further relief as this Court may deem just and proper.

105.6. For pray for judgment for relief in favor of Plaintiffs, for an order certifying this action as a Complex case, for raising novel and complex issues of federal and State law.

105.7. For consolidation of all known and unknown matters and cases spread out across state lines in multiple districts to be consolidated under this jurisdiction where debtors in possession or their surrogates are involved, without Plaintiff being subjected to further filings and for such and other relief arising from sustained, continual, direct, indirect, serial, systemic, perpetual public and private oppression, threats, harassments and pattern of behavior as a standard procedure of doing business as usual supported by state and federal prosecutions according to history and now confirmed by the national financial debacle without oversight or enforcement, wherefore plaintiffs pray for an entitlement to exemplary damages in the form of punitive damages in an amount according to proof for each violation to discourage a repeat performance of the same.

Respectfully submitted by Attorney; Henry Nasif Mahmoud

Original Dated: January 13, 2007

__ /S/

Attorney for plaintiffs
H. Nasif Mahmoud (SBN. Ill. 0173345)↩
MCKINZIE, WILKES & MAHMOUD
8717 FOREST AVENUE, GARY IN 46403
Attorney email: mwmlawoffices@aol.com
Support Staff email: mwm_legal.services@yahoo.com
**("BAKARFIT")**, "THE LIFE, LIBERTY AND THE PURSUIT OF HAPPINESS FOR THE BOKHARY, ASGHAR, KHWAJA AND RICHARDSON FAMILY IRREVOCABLE TRUST" ROCK OF GIBRALTOR LLC

1

**VERIFICATION**

2   **STATE OF INDIANA)**

3   **GARY, LAKE COUNTY)**

4

5   I, H. Nasif Mahmoud the undersigned Attorney make this solemn declaration as follows:

6   106.1 I have known the clients difficulties over the last six years from 2002 and am familiar

7   with the details of this case. Although I personally travelled to Tucson, Arizona and Bakersfield, California and reviewed some of the properties in question and while I was in Bakersfield I used the

8   guest suite located at 11909 Palm Ave., Bakersfield California 93312 I cannot begin to second guess

9   the loss and the daily suffering plaintiff is facing.

10   106.2 In Tucson I was not able to reside in Plaintiffs fully furnished residence or their

11   daughters fully furnished residence, both of which, involved New Century with surrogates; one hit

12   by a caterpillar truck and the others locks changed to bar plaintiff from entering while the mortgage payment continued to be billed to plaintiffs and the same collected in each such case.

13
     106.3 Plaintiff asked me to visit them and meet them, and see their lifestyle before signing on
14   to this case due to past experience with attorneys having been intimidated by defendants after

15   payment of initial retainers by plaintiffs totaling around several hundred thousand when they could

16   afford to pay.

17   106.4 I am a graduate of some of the best schools in the country and won academic

18   scholarship to Dartmouth College, Hanover, New Hampshire where I graduated in 1970 (BA in

19   Economics) and won a fellowship to study law at Harvard and graduated Harvard Law School in
     1974 with an emphasis on international business transactions, as the only African American in my
20   class I know a little something about the need to get along and respect others point of view, but I

21   have tried to look at this case from every angle and even from adverse parties point of view and I

22   and my local counsel in California cannot get past the flippant manner in which this client's property

23   has been stolen for lack of a better word in broad day light while plaintiffs hands are tied behind

24   their backs through a policy of submission by starvation; it is perhaps the worst abuse of justice in a

25   civil action case that I have seen, which is saying a lot when you come from Chicago, Illinois.

26   106.5 I am a licensed practitioner in the state of Illinois, USA, since 1975, member of the

38
27   Civil Rico Complaint for Damages and Equitable Relief

28

Illinois state bar; the Federal Trial Bar of the Northern District of Illinois; the United States Tax Court Bar; the United States Customs Court Bar, and admitted *pro hac vici* in federal districts including Central District of California.

106.6 My international transactional work causes me to travel to other states and countries to negotiate and draft documents, including Abu Dhabi, Dubai, United Arab Emirates; Casablanca, Morocco; Riyadh, Mecca, Medina and Jeddah, Saudi Arabia; Alexandria and Cairo, Egypt; Beirut, Lebanon; Lima, Peru; San Salvador, El Salvador; Belize City, Belize; La Romano and Santa Domingo, Dominican Republic; London, England; Amsterdam, Netherlands; Frankfurt, Germany; Paris, France; Zurich, Geneva, Lugano, Bellinzona and Locarno, Switzerland; Ontario, Toronto and Quebec, Canada; Sao Paolo, Brazil; Athens, Greece; and Mexico City, Mexico and all over United States, and electronic service suits my practice, so I ask this court to allow the same to my firm in the interest of justice and judicial economy needed by an client rendered insolvent by design.

106.7 My local counsel Sloan is licensed only in California not in Delaware. My firm depends on clients to do their own investigative work as to the number of properties they have lost and remain vigilant in this multijurisdictional complex case. But they cannot help with filing fees, court costs, nor can they pay for service upon defendants, or cost of the case, pro hac vice fees, discovery cost, and Jury trial costs. However their funds are held in trust by debtors in possession in the Delaware Bankruptcy and can be accessed to offset costs on courts own order.

106.8 As counsel, I consider my job to protect deserving innocent parties, and once retained; give loyalty and ethical service to clients in return for a fee. My clients' ability to pay my firm is being thwarted so that my firm may abandon them; some would argue a concentrated effort is underway to interfere in attorney client contract! I in good conscience am duty bound to report the circumstances to this court as a governing body of *impartial jurists* to generate a fact-finding forum which can establish the forms of intimidation and obstruction of justice tactics being used in these proceedings.

106.9 Furthermore, without an ("IFP") status granted to plaintiff, alleged white collar criminals may end up absolved of national crimes without a trial of facts.

106.10 As counsel I am aware of what stress can do to a person under the kind of duress these clients have been through; they need to be protected from harming themselves inadvertently in desperation and hopelessness.

Civil Rico Complaint for Damages and Equitable Relief

39

106.11 As an officer of the court I cannot under any circumstance justify the behavior of some of the officers of court; where an educated professional couple is being systemically abused and financially lynched because they made enough money to set themselves up as targets without protecting themselves against an onslaught by corporate criminals.

106.12 The general attitude of the regulatory bodies has been a slap on defendants' hands and let victims suffer; that is the message these victims are taking from this fiasco and the feeling of helplessness when they are not allowed to live in peace in the security of their homes in dignity.

106.13 Post national financial debacle gave plaintiffs hope to regain control of their financial lives, they felt better as they had been proven to be right in what they had been alleging about these deep pocket corporations, and asked me to help stop these defendants from getting away with this sustained relentless pattern of unjust gain from third party earnings.

106.14 These innocent plaintiffs and their beneficiaries are watching others living high on the hog on their retirement while they themselves cannot afford legal counsel; or their attorneys are being forced to abandon them in an effort to obstruct plaintiffs from seeking relief. (Proof of this form of methodology shall be submitted within the proceedings covering tactics employed by defendants).

106.15 Precedence exists that federal court has supplemental jurisdiction over state law claims, and Bankruptcy claims as long as the grievance sets forth a claim *"arising under federal law"*. Which fact is undisputed in this case. Wherefore the Delaware district court may adjudicate state law claims transactionally related to the federal claim and furthermore concealed from the Delaware bankruptcy Court and worthy of review as title 18 matter.

106.16 I point to the above and the ongoing new conflicts and submit my verification of this complaint; my professional opinion is that an effort is underway to silence my clients from exercising their legal right to access justice in front of an unbiased jurisdiction.

106.17 Court is requested to allow plaintiff to move for a telephonic status conference once the *in forma pauperis* application has been ruled upon so that plaintiff may proceed telephonically to discuss the removal of related bankruptcy court matters pending in Delaware Bankruptcy court to the original jurisdiction of the Delaware District court, pursuant to 28 U.S.C. §1334(a) in a post bailout period where some of these adverse parties like "GMAC" are being offered bailouts and the same can be attached before the money disappears.

Civil Rico Complaint for Damages and Equitable Relief

40

1   I, Nasif Mahmoud declare under penalty of perjury that the foregoing is true and correct.

2   Original executed this Wednesday 7nd day of January 2009, at Gary Indiana.

3

4   ___/S//:
    Law firm of H. Nasif Mahmoud

5   Attorney for Plaintiffs'
    Applicant Pending waiver or resolution

6   of *pro hac vice*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   Civil Rico Complaint for Damages and Equitable Relief

28

41

# **VERIFICATION**

**STATE OFCALIFORNIA)**
**COUNTY OF   LOS ANGELES)**

107. I, SAMMYE A. RICHARDSON, am the 50% percent owner of Rock of Gibraltor, LLC; "ROCK", one of the Trustees for (**"BAKARFIT"**), The Life, Liberty and the Pursuit of Happiness for the Bokhary, Asghar, Khwaja and Richardson Family Irrevocable Trust, which entity owns entire estate including properties where I or my spouse are named or unnamed in state courts, as legal justification for title theft. I am aware of a false debt $1.3 million lien of choice that encumbers plaintiffs' innocent estate. I affirm that the lien is designed to remain unpaid but 40 million dollars worth of estate and chattel has disappeared feeding this lien-most of it between 2004-2006, when debtors in possession offer to DE. BK court to have lost their records. *See* Examiner report P.2,3,4.

107.1. I have read the foregoing Complaint to Quiet Title; Cancellation of Deed; Breach of Statutory Duty; Accounting; Intentional Infliction of Emotional Distress; Negligence; Negligent Infliction of Emotional Distress; Declaratory Relief; Temporary Restraining Order; Constitutional violations and RICO claims for Damages and know its contents.

107.2. Currently I maintain residency in Kern County and am barred from my Pima County home/office.

107.3. I know I am being blackmailed by defendants for the past nine years and they are doing so to save their unjust gain and careers, and I shall testify to the above and the torture I have personally suffered with the strong-arm tactics if I am not silent. There are five Ninth Circuit employed officers of the court involved in this corruption allegation. Everything I said has come to pass in the financial debacle, and defendant own words admitting fraud in their own financial statements in the period they stole most of my trusts estate and the January 21, 2009 executive order on the side of those <u>seeking information as opposed to those seeking to conceal information, being confirmed by the new commander in chief</u> has given me the strength to challenge the Delaware bankruptcy in the controlling district court through counsel.

107.4. I am personally knowledgeable, informed and believe in the information I was given to allege grounds that confirm the forgoing is true and correct, and do so by declaring under the penalty of perjury that although I am under extreme duress that there is enough documentation to

1   rely on and state for the record that the foregoing account is filed to the best of my knowledge and

2   belief that it is true and correct.

    Dated: January 13, 2009

3

4                                         /S/ _Sammye A. Richardson_

                                          **SAMMYE A. RICHARDSON**
5                                         Trustee and member of **Plaintiffs**
                                          (**"BAKARFIT"**) and **"ROCK"**
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                                                                    43
27   Civil Rico Complaint for Damages and Equitable Relief

28

**Page 1, Enclosures: 1 List of debtors in possession named as defendants to intercept release of third party funds to them.**

New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home 123 Corporation (f/k/a The any loan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual 11 Corporation), a Delaware limited partnership; NC Residual 111 Corporation, a Delaware corporation; NC Residual 1V Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. 11 Corp., a California corporation; New Century R.E.O. 111 Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; NCoral, L.P. a Delaware limited partnership;

**Page 1, Enclosure: 2 List of parties in adverse action named as defendants to intercept release of third party funds to them.**

GREGORY J. SCHROEDER, et al.: NEW CENTURY HOLDINGS, INC., a Delaware Corporation, *et al*.; WELLS FARGO BANK N.A. a/k/a WELLS FARGO ITS, as trustee of the trust formed under the New Century Financial Corporation, Supplemental Benefit and Deferred Compensation Trust Agreement; HAROLD A. BLACK, FREDERIC J. FOSTER, DONALD E. LANGE, MICHAEL M. SACHS, in their capacity as the Compensation Committee of the Board of Directors of New Century Financial Corporation and therefore the Plan Administrator, and any  successors thereto and any Committee (as defined in the Plan) appointed by the Plan Administrator; and THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS WELLS FARGO BANK N.A. a/k/a WELLS FARGO ITS, as trustee of the trust formed.
**Page 1, Enclosure:**

State of California – Department of Corporations
PRESTON DuFAUCHARD
California Corporations Commissioner
WAYNE STRUMPFER
Deputy Commissioner
ALAN S. WEINGER (CA BAR NO. 86717)
Lead Corporations Counsel
JUDY L. HARTLEY (CA BAR NO. 110628)
Senior Corporations Counsel
Department of Corporations
320 West 4th Street, Ste. 750
Los Angeles, California 90013-2344
Telephone: (213) 576-7604 Fax: (213) 576-7181
Attorneys for Complainant

BEFORE THE DEPARTMENT OF CORPORATIONS<br>OF THE STATE OF CALIFORNIA

In the Matter of:
THE CALIFORNIA CORPORATIONS COMMISSIONER,
        Complainant,

Civil Rico Complaint for Damages and Equitable Relief

1    vs.
NEW CENTURY MORTGAGE CORPORATION,

2    Respondent.))))))))))))

File Nos.: 603-9136 et al. DESIST AND
3                                       REFRAIN ORDER PURSUANT TO
CALIFORNIA FINANCIAL CODE
4                            SECTION 22712 AND STATEMENT OF
FACTS IN SUPPORT THEREOF

5    TO: NEW CENTURY MORTGAGE CORPORATION
18400 Von Karman, Suite 1000
6    Irvine, California 92612

7

8 The California Corporations Commissioner ("Commissioner") having determined that New Century Mortgage Corporation ("New Century Mortgage" or "Company") has engaged in, or is engaging in, or is about to engage in, acts or practices constituting violations of the California Finance Lenders Law (Financial Code sections 22000 et seq.) and applicable regulations ("CFLL"), hereby issues the following Findings of Fact and Desist and Refrain Order Pursuant to Financial Code Section 22712 ("Order").

9

10 **FINDINGS OF FACT**

1. The Department of Corporations ("Department"), through the Commissioner, has jurisdiction over the licensing and regulation of persons and entities engaged in the business of lending pursuant to the CFLL.

11 2. New Century Mortgage is licensed by the Commissioner as a finance lender under Article 3 of the CFLL. According to records maintained on file with the Department, the Commissioner initially issued a finance lenders license to New Century Mortgage to engage in the business of finance lending, including residential mortgage lending, on or about May 22, 2003.

12

13 3. New Century Mortgage is, and at all relevant times, has been a corporation conducting business in California. New Century Mortgage's main office is located at 18400 Von Karman, Suite 1000, Irvine, California 92612.

14

15 4. New Century Mortgage maintains additional finance lender licensed locations from which it conducts finance lending. According to records maintained on file with the Department, New Century Mortgage currently possesses twenty-six (26) additional finance lenders licenses from the Commissioner for locations operated both in California as well as outside the State.

16

17 5. New Century Mortgage is a wholly owned subsidiary of New Century Financial Corporation. New Century Financial Corporation is a publicly traded real estate investment trust listed on the New York Stock Exchange.

18 **A. Uncertainty of New Century Mortgage's Maintenance of the Minimum Financial Requirements for Holding a Mortgage Lender License in California and Failure to Provide Certain Requested Information**

19

20 6. On or about February 7, 2007, New Century Mortgage indicated that it intended to report a loss for the fourth quarter of 2006. New Century Mortgage additionally reported that the company would be restating earnings, for the second, third, and fourth quarters of 2006.

21 7. Between the period of February 7 and February 8, 2007, New Century Financial Corporation's stock price declined from $30.16 per share to $19.24 per share.

22 8. By February 26, 2007, New Century Financial Corporation's stock price had dropped to $15.24 per share at the close of trading.

23 9. On or about March 5, 2007, New Century Financial Corporation's stock had decreased by as much as an additional 63% over the course of the prior seven days to $5.41 per share and had been trading as low as $5.25.

24

25 10. At the end of the business day on March 5, 2007, New Century Financial Corporation's stock price had closed at $4.56 per share, which represented a deterioration in the stock price of approximately 69% from the level at which the stock had traded on February 26, 2007.

26

45

27 Civil Rico Complaint for Damages and Equitable Relief

28

1    11. On or about March 6, 2007, the Department became aware that several of New Century Mortgage's warehouse lines of credit had been suspended.

2    12. On or about March 7, 2007, due, in part, to the concerns raised by the publicly reported facts stated in Paragraphs 6 through 11, the Department contacted New Century Mortgage to request information on the current condition of the Company. The requested information included, but was not limited to, the following:

3    a "pipeline report" of then-pending residential mortgage loan applications relating to California properties; a summary of the conditions under which New Century Mortgage had been required to repurchase the

4    substantial loan portfolio from its investors which resulted in the company's undertaking of restating earnings for the last three quarters of 2006; the status of the Company's warehouse lending agreements; and the

5    balances outstanding on the lines of credit.

13. New Century Mortgage notified the Department that it would attempt to produce the requested

6    information within the next several business days.

14. Additionally, during the March 7, 2007 communications, New Century Mortgage informed the

7    Department that its accounting firm was working on restating their earnings and it did not know when the December 31, 2006 financial statements would be available. New Century Mortgage had previously indicated

8    to Massachusetts' state regulators that the December 31, 2006 restated financial statements would be available no later than March 15, 2007.

9    15. As of the date of this Desist and Refrain Order, New Century Mortgage has responded, in part, to the information referenced in Paragraphs 12 and 14, but has failed to produce financial statements for the period

10   ending December 31, 2006 or, alternatively, to identify a date on which the financial statements would be available to the Department.

11   16. Financial Code section 22104 requires all licensees under the CFLL to maintain a minimum net worth at all times of $25,000.00 to be computed in accordance with generally accepted accounting principles.

12   17. Pursuant to Financial Code section 22159(b), New Century Mortgage is required to submit to the Commissioner any and all special reports the Commissioner from time to time may require. The information

13   described in paragraphs 12 and 14 above were such special reports required by the Commissioner under Section 22159(b).

14   18. As a result of New Century Mortgage's failure to produce the financial statements, the Department is unable to measure the extent to which the recent market devaluations or substantial repurchase obligations

15   have impacted the company or to determine whether New Century Mortgage has maintained the minimum net worth requirement for CFLL licensees.

16   19. Due to the New Century Mortgage's uncertainty regarding when the requested financial statements will become available, a determination of when the Department would be able to evaluate the financial condition

17   of the Company likewise remains uncertain.

**B. Impairment of Lender Lines of Credit Used to Fund New Century Mortgage's**

18   **Lending Operations**

20. On or about March 6, 2007, the Department became aware that due to New Century Mortgage's failure to

19   timely file its 2006 annual report by March 1, 2007, the Company had been required to obtain waivers from each of its lenders to maintain access to its lines of credit and that all eleven of New Century Mortgage's lines

20   of credit remained in jeopardy of being suspended by the respective lenders in the event that New Century Mortgage was unable to file its annual report by March 15, 2007.

21   21. As of March 8, 2007, only eight of the eleven warehouse lines of credit remained available and only five of the eight had given waivers that were good through March 15, 2007.

22   22. On or about Thursday, March 8, 2007, New Century Mortgage representatives, in conversations with Department personnel, stated that the company had started losing its warehouse lines of credit on Monday,

23   March 5, 2007, and the Company was unsure it would be able to continue to fund loans it had in the pipeline. State of California – Department of Corporations

24   23. On or about Friday, March 9, 2007, New Century Mortgage representatives informed Department personnel in a telephone conversation that New Century Mortgage had lost all but one warehouse line of

25   credit, and this warehouse line of credit was insufficient to fund all loans in the pipeline.

26

27   Civil Rico Complaint for Damages and Equitable Relief

46

28

1   24. A line of credit used by a residential mortgage lender enables the entity to fund residential mortgage loans prior to selling them to an investor. Without access to its lines of credit, and in the absence of the residential mortgage lender independently maintaining sufficient reserves and liquidity positions within the institution to
2   fund such loans, the residential mortgage lender would be unable to meet its funding commitments, negating its ability to meet contractual obligations to fund residential mortgage loans.

3   25. On or about March 12, 2007, New Century Mortgage reported to the Department in a telephone conference call that all trading in New Century Financial Corporation stock had been halted and all of New
4   Century Mortgage's lenders had cut off financing.

5   26. Financial Code section 22317.5 requires all finance lenders when engaged in residential mortgage lending to disburse funds in accordance with its loan commitments and not to intentionally delay loan closings.

**CONCLUSIONS OF LAW**

6   27. Based upon the information contained in Paragraphs 1 through 26, New Century Mortgage has failed to submit special reports to the Commissioner in the form of a December 31, 2006 balance sheet and income
7   statement in violation of Financial Code section 22159(b).

8   28. Based upon the information contained in Paragraphs 1 through 26, New Century Mortgage has failed to disburse funds in accordance with its commitments with its borrowers and to make a good faith and reasonable effort to effect closing in a timely fashion in violation of Financial Code section 22317.5.

9   29. Based upon the information contained in Paragraphs 1 through 26, New Century Mortgage's acts or practices of contracting with consumers for a purchase or refinance mortgage loan, through the underwriting
10  and subsequent execution of residential mortgage loan closing documents relating to California residential property, and thereafter failing to fund the residential mortgage loan(s), constitutes an unsafe and injurious
11  practice.

30. Based upon the information contained in Paragraphs 1 through 26, New Century Mortgage is unable to
12  demonstrate that it is maintaining the minimum net worth requirements for finance lenders in violation of the Financial Code section 22104.

13  31. Based upon the information contained in Paragraphs 1 through 26, New Century Mortgage has failed to demonstrate the financial responsibility, character, and general fitness that would support the belief that the
14  business will be operated honestly, fairly, and in accordance with the requirements of the CFLL.

34. Based upon the information contained in Paragraphs 1 through 26, had the facts and conditions found
15  therein existed at the time of New Century Mortgage's original finance lender license applications, the Commissioner would have been warranted in refusing to issue such licenses. Further, the facts and conditions
16  set forth in paragraphs 1 through 26 present sufficient grounds for the revocation of New Century Mortgage's finance lender licenses pursuant to Financial Code section 22714.

17  **DESIST AND REFRAIN ORDER**

Based upon the FINDINGS OF FACT and CONCLUSIONS OF LAW stated herein, it is hereby ORDERED
18  that New Century Mortgage immediately desist and refrain from the violations described above as follows:

1. New Century Mortgage and any and all employees, and their successors or assigns, shall immediately cease
19  soliciting or accepting, either directly or indirectly, any residential mortgage loan applications from consumers for residential property located in California, until further order of the Commissioner.

20  2. On each business day, by 5 p.m. pacific daylight time, after the effective date of this Order, New Century Mortgage shall submit to the Department a pipeline liquidity report on its remaining warehouse line of credit
21  or any other warehouse line of credit that New Century Mortgage is able to obtain, and provide such information as will be necessary by the Department to determine that New Century Mortgage will be able to
22  fund current loans in its pipeline, while also maintaining the minimum net worth requirements set forth in Financial Code section 22104.

23  3. That in the event that New Century Mortgage is unable to obtain warehouse lines of credit sufficient to fund all residential mortgage loans currently in the pipeline, New Century Mortgage shall immediately upon
24  such determination, but in no event later than three business days after the effective date of this Order, place with one or more qualified lender(s), with applicants' consent and at no loss to applicants, the following: (a)
25  New Century Mortgage's entire portfolio of California residential mortgage loans which were closed by New Century Mortgage, as the case may be, and remain unfunded as of the issuance of this Order; and (b) New
26

27  Civil Rico Complaint for Damages and Equitable Relief

47

28

1   Century Mortgage's entire pending approved application list of California residential mortgage loans. The term "no loss to the applicant" shall mean that any loan, which was closed by New Century Mortgage, as well

2   as any application which was approved by New Century Mortgage, shall be placed with a lender willing to fund, or close, the residential mortgage loan under the same terms and conditions extended by New Century

3   Mortgage. In the event that no such placement can be made, New Century Mortgage shall either independently fund the residential mortgage loan under such terms and conditions or buy down the residential

4   mortgage loan offered by the lender so that the applicant does not incur a loss as a result of such placement. New Century Mortgage shall obtain the prior approval of the Commissioner before placing such applications

5   with qualified lender(s).
    4. For those loan applications currently in the pipeline that have not been approved and/or closed as of the

6   effective date of this Order, New Century Mortgage shall, within three business days of the effective date of this Order, either (i) obtain funding for and close the loans, (ii) place with other qualified lenders with

7   applicants' consent, or (iii) deny the applications for cause.
    The term "deny for cause" shall mean that the underwriting guidelines of New Century Mortgage in effect at

8   the time of the application(s) would have provided grounds for New Century Mortgage to deny the application(s) in the normal course of business.

9   5. No later than one (1) day after the effective date of this Order, New Century Mortgage shall submit to the Commissioner a detailed record, prepared as of the date of submission, of all of their pending residential

10  mortgage loan applications on property located in California, State of California – Department of Corporations including but not limited to: The names of all individuals from whom they have accepted an

11  application for a residential mortgage loan; the applicants' addresses and telephone numbers; the loan number; the amount of all prepaid loan fees submitted by the customer; rate lock status; the amount of each

12  loan; application status (i.e. filed, cleared to close, etc.); loan terms, if approved; scheduled closing dates; and the loan purpose (i.e. purchase or refinance).

13  6. On each business day, by 5 p.m. pacific daylight time after the effective date of this Order, New Century Mortgage shall provide the Commissioner with an updated, written status report of the mortgage loan

14  applications identified above in paragraph 3. The form of the status report shall follow the format of the initial submission under paragraph 3 and shall indicate the final disposition of the loan application and include the

15  final terms under which each approved loan is closed. The reporting requirement shall continue until each of the approved applications is funded by New Century Mortgage, or withdrawn by the applicant(s) or closed by
    another lender.

16  7. No later than five (5) days after the effective date of this Order, New Century Mortgage shall submit to the Commissioner a balance sheet and year-to-date income statement, prepared as of the date of submission, and

17  attested to by a duly authorized officer of the company. The balance sheet should indicate the cash position of each company at each of its depository banks as well the company's bank account numbers.

18  8. No later than five (5) business days after the issuance of this Order, New Century Mortgage shall submit a net worth restoration plan to be approved by the Commissioner.

19  9. The Department reserves all of its rights, duties and authority to enforce the CFLL against New Century Mortgage in the future regarding all matters, including but not limited to, those matters covered by this Order.

20  This Order shall become effective immediately and shall remain in effect unless set aside by the Commissioner or by a court as provided in Financial Code section 22718.

21  A hearing will be scheduled on this matter only upon receipt of a written request for such a hearing from New Century Mortgage within thirty (30) days of the effective date of this Order. If no hearing is requested within

22  this thirty (30) day period, this Order shall become final until it is modified or vacated by the Commissioner.
    Dated: March 16, 2007

23

    Los Angeles, CA PRESTON DuFAUCHARD
24  California Corporations Commissioner
    By_____
25  Alan S. Weinger
    Lead Corporations Counsel State of California – Department of Corporations
26

                                                                                                          48
27  Civil Rico Complaint for Damages and Equitable Relief

28

1    Page 3. Enclosure: [4]  550 page report by Bankruptcy court examiner, see relevant Page 3.

2

3

4

5    **UNITED STATES BANKRUPTCY COURT**
     **FOR THE DISTRICT DELAWARE**

6

7    **In re:**                                   §  **Chapter 11**
                                                  §
8    **NEW CENTURY TRS HOLDINGS, INC.,**          §  **Case No. 07-10416 (KJC)**

9
                a Delaware corporation, et al.,       §
10                                                     §  Jointly Administered
                            Debtors.                   §
11                                                     §
     ___  _____  _____  _____

12

13

14                          FINAL REPORT OF
                           MICHAEL J. MISSAL
15                      BANKRUPTCY COURT EXAMINER

16

17   **KIRKPATRICK & LOCKHART**

18    **PRESTON GATES ELLIS LLP**

19   **1601 K Street, N.W.**

20   **Washington, D.C. 20006**

21   **(202) 778-9000**

22
     **(202) 778-9100 (fax)**
23

24

25   C͟o͟u͟n͟s͟e͟l͟ ͟t͟o͟ ͟M͟i͟c͟h͟a͟e͟l͟ ͟J͟.͟ ͟M͟i͟s͟s͟a͟l͟

26                                                              49

27   Civil Rico Complaint for Damages and Equitable Relief

28

**RELEVANT TIMELINE:**

- 1995 or 1996 New Century and its layers get a license to run a financial business in Delaware.
- New Century and its layers entered into an (A) paper Movant's life by solicitation late 2000.
- May 20, 2003 or thereabout a Texas federal Judge bars New Century and subsidiaries from fraud and other crimes.
- May 23, 2003 or thereabout licensed to do business with head office in Irvine California
- March 13, 2007 NYSE delisted New Century from trading.
- March 16, 2007 only then the California State issue its cease and desist order for financial fraud.
- 2000-2006 through April 02, 2007 no takers for New Century's loan making operation;
- April 02, 2008 New Century and many of its affiliates file for Bankruptcy protection in Delaware.
- April 27, 2007 New Century auditor KPMG LLP ("KPMG") resigned as independent auditor.
- April 02-04, 2007: alleged change of title from non owner Sammye Richardson to (DLJ), the homesteaded estate owned and operated by the family LLC and (BAKARFIT) Trust from 1998.
- May 24, 2007 New Century specifically "*announced that its financial statements for the year ending December 31, 2005 also should not be relied upon*".
- July 2004 through 2006 rampant crime spree and illegal takeovers of dozens of properties.
- April 03, 2007 through May 22, 2008- June 17, 2007 New Century attempts break-ins of beneficiaries individual homesteads listed in S-1500-cl-216249 Kern County after a successful takeover of property listed in c2006-6164 priorly; while continuing billing plaintiffs for mortgage payments and so collected or attempted to be collected.
- May 22, 2007-June 17, 2007 New Century affiliate/agent (DLJ) claims ownership of sammye Richardson's interest to sue Sammye Richardson as a <u>inconsequential tenant</u> through a simple unlawful detainer action for a mere ten thousand dollars purchase price (S-1500-CL-216249) from a property worth around a million dollars owned by her trust.
- May 22, 2007- defendants, and cohorts retain first Atty. Robert Jackson and then Atty. Charles Nunley in Kern County according to plan in front of the usual limited superior court magistrate hoping for after the fact appearance of a legal resolution, only this time the judge who usually helps out has retired and the new magistrate is sitting on *federal question of law* without proceeding forward.
- May 22, 2008- June 17, 2007 similar tactics by New Century layers involves Michael Richardson homestead owned by (BAKARFIT) Trust in Pima County, Arizona State court of Tucson, Arizona dated year 2006 in front of the usual familiar judge without service which case reappears

50

1    as (C2006-6164) without plaintiffs or beneficiaries Michael Richardson, Sammye Richardson as
2    a parties and or service as a parties, but mentioning their names with dozens of others on the
3    mailing list sent out under the definition of racketeering to justify a legal after the fact cover for
     interstate commerce theft of a golf course resort homesteaded property.

4    • January 2002-2007 the intercepting and theft by false and deceptive means of interstate real estate
5    designed with the help of title insurers to ensure defendants provided repeat interstate commerce
6    business of stolen assets and chattel is documented, recorded and wholly or in part public record.

     • January 1998 through 2009 continuing corporations have proven their ability to <u>retain</u> judges as
7    sole fact finding presiding officers, who are themselves or family members living on or have
8    lived on defendants earnings; are or have been a provider to a judges income as provided in 28
9    U.S.C. §455(a), (b) (1) (4) (5) (ii) (iii) (iv) (c) (d) (i) and  28 U.S.C. § 144, this in itself is of legal
     significance and compounded by the fact that discovery will show how multiple properties across
10   state lines were first stolen then when plaintiffs tried to sell these properties only to find out they
11   did not own the property any more, as an after the fact protection defendant ran for cover to these
12   ex agent inferior judges to get a closed door order controlled by title 18 crimes and procedure and
13   statutes governing *"RICO"* and section 152 *et seq* allowing for <u>28, Judiciary and Judicial
     Procedure part IV-Jurisdiction and venue chapter 85- in District courts of all matters by and
14   through § 1334(a)</u> and the removal of all relevant matters from the Delaware Bankruptcy
15   proceedings to Delaware District court for a just and fair trial of facts.

16   • 2001-2009 continuing onwards the appearance of Ninth Circuit Mary Schroeder's' involvement
17   in these matters compromised the activities of the circuit. (Adverse witnesses can be subpoenaed)

     • February 09, 2009 at 10:00 requested for status conference date  to go over the complexities of
18   this case and certification of removal or remand from Kern County limited courthouse including
19   S-but not limited to 1500-cl216249 and Pima County Superior Court C2006-6164 including the
20   implication that the matters may be further subject to an effort to conceal theft from bankruptcy.
21   See 18 U.S.C. §1961 *et seq*; 18 U.S.C. 152 *et seq* 28 U.S.C. §§1367(a) and 1334(a) for theft of
     multiple properties without legal, jurisdictional, discretionary or statutory authority to take over
22   third party assets through this modus of operation.

23

24

25

26
                                                                                          51
27   Civil Rico Complaint for Damages and Equitable Relief

28

1

**TABLE OF AUTHORITIES**

2  **Federal and State Court Cases in support of Delaware Federal jurisdiction and venue**
*Exxon Mobil Corp v. Saudi Basic Industries Corp,*
3  544 U.S. 280 (2005)……………………………………….……………………….
*Lance v. Dennis,*
4  126 S. Ct. 1198 (2006)…………………….…………………………………………
*Rooker v. Fidelity Trust Co.*
5  263 U.S 413 (1923)…………………………….…………………… …………………
*Shaver v. F.W. Woolworth Co.,*
6  840 F2d 1361, 1368 (7th Cir. 1988)……………………..…………………….............
*Younger v. Harris,*
7  401 US 37 (1971)………………………………………..…………………………….

8  In the event any defendant raises an order where federal question of law was tried in front of an
inferior court where Title 28 U.S. Code § 1331 claims arose from violations of federal constitutional
9  rights guaranteed in the amendments of the U.S. Constitution and redressable;
*See* Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971)."

10
In the event any defendant raises a claim under an order, issued in jurisdictional vacuum or by a
11  compromised judge or without service upon plaintiff, or without knowledge of plaintiffs', see below
listed legal remedies:
12

13  *See* In a jurisdictional vacuum, (that is, absence of all jurisdiction) the second prong necessary to
absolute judicial immunity is missing. *Stump v. Sparkman,* id., 435 U.S. 349.

14
*See* "Where there is no jurisdiction, there can be no discretion, for discretion is incident to
15  jurisdiction." *Piper v. Pearson*, 2 Gray 120, cited in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646
(1872)
16

17  *See* A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to
immunity from civil action for his acts. *Davis v. Burris,* 51 Ariz. 220, 75 P.2d 689 (1938).

18
*See* Additional <u>legal standards</u> governed by rulings that control judgments rendered by a court or
19  courts that are incompetent for one reason or another are listed below:

20  Legal case law to support plaintiffs' position in the event defendants raise an unknown **Void**
**judgment:** *One which has no legal force or effect, invalidity of which may be asserted by any person*
21  *whose rights are affected at any time and at any place directly or collaterally.*
22

*See Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087, 1092. One which from*
23  *its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind*
*parties or support a right, of no legal force and effect whatever, and incapable of confirmation,*
24  *ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if court*
*that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a*
25  *manner inconsistent with due process. Klugh v. U.S., D.C.S.C., 610 F.Supp. 892, 901. See also*

26
52
27  Civil Rico Complaint for Damages and Equitable Relief

28

1  *additional authorities on void judgments* rendered by courts which lacked personal or subject matter jurisdiction. See:

2

3  *See Wahl v. Round Valley Bank, 38 Ariz. 411, 300 P.955 (1931) Tube City Mining & Milling Co. v. Otterson, 16 Ariz. 305, 146 P. 203 (1914) Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940)*

4  *See A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. See Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999)*

5

6

7  *See A void judgment is one which, from its inception, was a complete nullity and without legal effect. See Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972)*

8

9  *See A void judgment is one which from the beginning was complete nullity and without any legal effect. See Hobbs v. U.S. Office of Personnel Management, 485 F.Supp. 456 (M.D. Fla. 1980).*

10  *See Void judgment is one that, from its inception, is complete nullity and without legal effect. Holstein v. City of Chicago, 803 F.Supp. 205, reconsideration denied 149 F.R.D. 147, affirmed 29 F.3d 1145 (N.D. Ill. 1992).*

11

12  *See Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process, U.S.C.A. Const. Amend. 5-Triad Energy Corp. v. McNell, 110 F.R.D. 382 (S.D.N.Y. 1986).*

13

14  *See Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const Amend. 5. Klugh v. U.S., 620 F.Supp. 892 (D.S.C. 1985).*

15  *See A void judgment from its inception, was a complete nullity and without legal effect, Rubin v. Johns, 109 F.R.D. 174 (D. Virgin Islands 1985).*

16  *See A void judgment is one which from its inception, is and forever shall continue to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a right, of no legal force and effect whatever, and incapable of enforcement in any manner or to any degree. Loyd v. Director, Dept. of Public Safety, 480 So.2d 577 (Ala.Civ.App. 1985). A judgment shown by evidence to be invalid for want of jurisdiction is a void judgment or at all events has all attributes of a void judgment, City of Los Angeles v. Morgan, 234 P.2d 319 (Cal.App. 2 Dist. 1951).*

17

18

19

20  *See Void judgment which is subject to collateral attack is simulated judgment devoid of any potency because of jurisdictional defects, Ward. v. Terriere, 386 P.2d 352 (Colo. 1963). A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it and defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or relief to be granted, Davidson Chevrolet, Inc. v. City and County of Denver, 330 P.2d 1116, certiorari denied 79 S.Ct. 609, 359 U.S. 926, 3 L.Ed. 2d 629 (Colo. 1958).*

21

22

23

24  *See Void judgment is one entered by court without jurisdiction of parties or subject matter or that lacks inherent power to make or enter particular order involved and such a judgment may be attacked at any time, either directly or collaterally, People v. Wade, 506 N.W.2d 954 (Ill. 1987).*

25

*See Void judgment may be defined as one in which rendering court lacked subject matter*

26

27  Civil Rico Complaint for Damages and Equitable Relief

53

28

1   *jurisdiction, lacked personal jurisdiction, or acted in manner inconsistent with due process of law
    Eckel v. MacNeal, 628 N.E.2d 741 (Ill. App.Dist. 1993).*

2   *See Void judgment entered by court without jurisdiction of parties or subject matter or that lacks
    inherent power to make or enter particular order involved; such judgment may be attacked at any
3   time, either directly or collaterally People v. Sales, 551 N.E.2d 1359 (Ill.App. 2 Dist. 1990).*

4   *See Res judicata consequences will not be applied to a void judgment which is one which, from its
    inception, is a complete nullity and without legal effect, Allcock v. Allcock, 437 N.E.2d 392
5   (Ill.App.3 Dist. 1982).*

    *See Void judgment from its inception is complete nullity and without legal effect In re Marriage of
6   Parks, 630 N.E.2d 509 (Ill.App. 5 Dist. 1994).*

    *See Void judgment entered by court that lacks the inherent power to make or enter the particular
7   order involved, and it may be attacked at any time, either directly or collaterally; such a judgment
    would be a nullity. People v. Rolland, 581 N.E.2d 907 (Ill.APp. 4 Dist. 1991).*

8   *See Void judgment under federal law in which rendering court lacked subject matter jurisdiction
    over dispute or jurisdiction over parties or acted in manner inconsistent with due process of law or
9   otherwise acted unconstitutionally in entering judgment, U.S.C.A. Const. Amend. 5, Hays v.
10  Louisiana Dock Co., 452 N.E.2d 1383 (Ill App. 5 Dist. 1983).*

    *See Void judgment from its inception is a complete nullity and without legal effect Stidham v.
11  Whelchel, 698 N.E.2d 1152 (Ind. 1998).*

    *See Relief from void judgment is available when trial court lacked either personal or subject matter
12  jurisdiction, Dusenberry v. Dusenberry, 625 N.E.2d 458 (Ind.App. 1 Dist. 1993).*

13  *See Void judgment rendered by court which lacked personal or subject matter jurisdiction or acted
    in manner inconsistent with due process, U.S.C.A. Const. Amends. 5, 14, Matter of Marriage of
14  Hampshire, 896 P.2d 58 (Kan.1997)*

15  *See Judgment is void if court that rendered it lacked personal or subject matter jurisdiction; void
    judgment is nullity and may be vacated at any time, Matter of Marriage of Welliver, 869 P.2d 653
    (Kan. 1994).*
16
    *See A void judgment is one rendered by a court which lacked personal or subject matter jurisdiction
17  or acted in a manner inconsistent with due process, In re. Estate of Wells, 983 P.2d 279, (Kan.App.
    1999).*

18  *See Void judgment rendered in absence of jurisdiction over subject matter or parties, 310 N.W.2d
    502, (Minn. 1981).*

19  *See A void judgment rendered in absence of jurisdiction over subject matter or parties, Lange v.
    Johnson, 204 N.W.2d 205 (Minn. 1973).*
20
    *See A void judgment which has merely semblance, without some essential element, as when court
21  purporting to render it has no jurisdiction, Mills v. Richardson, 81S.E.2d 409 (N.C. 1954).*

    *See A void judgment which has a mere semblance, but is lacking in some of the essential elements
22  which would authorize the court to proceed to judgment, Henderson v. Henderson, 59 S.E.2d 227,
    (N.C. 1950).*

23  *See Void judgment entered by court without jurisdiction to enter such judgment, State v.
    Blankenship, 675 N.E.2d 1303, (Ohio App. 9 Dist. 1996).*
24
    *See Void judgment, such as may be vacated at any time is one whose invalidity appears on face of
25  judgment roll, Graff v. Kelly, 814 P.2d 489 (Okl. 1991).*

    *See A void judgment is one that is void on face of judgment roll, Capital Federal Savings Bank v.*
26

27  Civil Rico Complaint for Damages and Equitable Relief

                                                                                            54

28

1   *Bewley, 795 P.2d 1051 (Okl. 1990).*

*See A void judgment in which the judgment is facially invalid because the court lacked jurisdiction*
2   *or authority to render the judgment, State v. Richie, 20 S.W.3d 624 (Tenn. 2000).*

*See Void judgment which shows upon face of record want of jurisdiction in court assuming to render*
3   *judgment, and want of jurisdiction may be either of persons, subject matter generally, particular*
    *question to be decided or relief assumed to be given, State ex re. Dawson v. Bomar, 354 S.W.2d 763,*
4   *certiorari denied, (Tenn. 1962).*

*See A void judgment which shows upon face of record a want of jurisdiction in court assuming to*
5   *render judgment, Underwood v. Brown, 244 S.W.2d 168 (Tenn. 1951).*

*See Void judgment is one which has no legal force or effect whatever, it is an absolute nullity, its*
6   *invalidity may be asserted by any person whose rights are affected at any time and at any place and*
7   *it need not be attacked directly but may be attacked collaterally whenever and wherever it is*
    *interposed, City of Lufkin v. McVicker, 510 S.X.2d 141 (Twx.Civ.App.-Beaumone 1973).*
8   *See A void judgment, insofar as it purports to be pronouncement of court, is an absolute nullity,*
    *Thompson v. Thompson, 238 S.W.2d 218 (Tex.Civ.App.-Waco 1951).*
9
*See **A void judgment is one that has been procured by extrinsic or collateral fraud, or entered by***
10  ***court that did not have jurisdiction over subject matter or the parties, Rook v. Rook, 353 S.E. 2d***
    ***756 (Va. 1987).***
11  *See A void judgment where a decree, or order entered by a court which lacks jurisdiction of the*
    *parties or of the subject matter, or which lacks the inherent power to make or enter the particular*
12  *order involved, State ex re. Turner v. Briggs, 971 P.2d 581 (Wash.App.Div. 1999).*

*See A void judgment or order that is entered by a court lacking jurisdiction over the parties or the*
13  *subject matter, or lacking the inherent power to enter the particular order or judgment, or where the*
14  *order was procured by fraud, In re Adoption of E.L., 733 N.E.2d 846, (Ill. APp. 1 Dist. 2000).*

*See Void judgments which lacked jurisdiction, either of subject matter or parties, Cockerham. v.*
15  *Zikratch, 619 P.2d 739 (Ariz. 1980).*

*See **Void judgments generally fall into two classifications**, that is, judgments where there is want of*
16  *jurisdiction of person or subject matter, and judgments procured **through fraud, and such***
17  ***judgments may be attacked directly or collaterally, Irving v. Rodriquez, 169 N.E.2d 145, (Ill. app.***
    ***2 Dis. 1960).***
18  *See Invalidity needs to appear on face of judgment alone that judgment or order may be said to be*
    *intrinsically void or void on its face, if lack of jurisdiction appears from the record, Cockett Oil Co.*
19  *v. Effie, 374 S.W.2d 154 (Mo.App. 1964).*

*See Decision is void on the face of the judgment roll when form four corners of that roll, it may be*
20  *determined that at least one of three elements of jurisdiction was absent: (1) jurisdiction over*
21  *parties, (2) jurisdiction over subject matter, or (3) jurisdictional power to pronounce particular*
    *judgment that was rendered, B & C Investments, INc. v. F & M Nat. Bank & Trust, 903 P.2d 339*
22  *(Okla.App.Div 3, 1995).*

*See **Void order may be attacked, either directly or collaterally, at any time, In Re Estate of***
23  ***Steinfield, 630 N.E.2d 801, certiorari denied, See also Steinfeld v. Hoddick, 513 U.S. 809 (Ill.***
    ***1994).***
24  *See Void order which is one entered by court which lacks jurisdiction over parties or subject matter,*
25  *or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time,*
    *in any court, either directly or collaterally, provided that party is properly before court, People ex.*
26

27  Civil Rico Complaint for Damages and Equitable Relief

28

55

*re. Brzica v. Village of Lake Barrington, 644 N.E.2d 66 (Ill.App.2 Dist. 1994).*

*See Arizona courts give great weight to federal courts' interpretations of Federal Rule of Civil Procedure governing motion for relief from judgment in interpreting identical text of Arizona Rule of Civil Procedure, Estate of Page v. Litzenburg, 852 P.2d 128, review denied (Ariz.App.Div. 1, 1998).*

*See **When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory, Orner. V. Shalala, 30 F.3d 1307 (Colo. 1994).***

*See **Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, that must be set aside, Jaffe and Asher v. Van Brunt, S.D.N.Y.1994, 158 F.R.D. 278.***

*See A "void" judgment, as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack (thus here, by). No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen old wound and once more probe its depths. And it is then as though trial and adjudication had never been. Fritts v. Krugh, Supreme Court of Michigan, 92 N.W.2d 604, 354 Mich. 97 (10/13/58).*

**Federal Statutes**

28U.S.C. § 1257…………………………………………………………………………..........
18 U.S.C. § 1961……………………………………………………………………………
28 U.S.C. § 1367(a)…….………………………………………………………….............
28 U.S.C. 1407 (c) (ii), (d)…………………………………………………………...........
28 U.S.C. § 60(b)………………………………………………………………………….
28 U.S.C. §455(a), (b) (1) (4) (5) (ii) (iii) (iv) (c) (d) (i)………………………………..........
28 U.S.C. § 144…………………………………………………………………………..
28 U.S.C. §52 …………………………………………………………………………..
18 USC §152, (A) (1) (2) (3) 4) (5) (6) (7) (8) (9) for concealment of assets; false oaths
and claims; bribery………………………………………….…………………………...
28 U.S.C. § 1334(a)…………………………………………………………………...
18 U.S.C. §157(3) for Bankruptcy fraud…...……………………………………..............
Constitutional Amendment First, Fourth, Seventh, Eighth, Ninth, Tenth and Fourteenth……
FOIA The Freedom of Information Act 5 U.S.C. § 552, as amended by Public Law
No. 104-231, 110 Stat. 3048 act…………………………………………………………....
Doctrine of *"unclean hands"*……………………………………………………………....

**State statutes**
Governing bill of Rights California Constitution Article 1-Declaration of rights §28(a), (b)…
Governing bill of Rights Arizona constitution and state law Arizona Crime Victim's Bill
of Rights Article 2, § 2.1, ARS§13-4401 § 2.1 (A), 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 (B)
(C) (D) (E)………………………………………………………………………………….

Civil Rico Complaint for Damages and Equitable Relief