(Not for publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAKARFIT Life Liberty and Pursuit of Happiness for the Bokhary, Asghar, Khwaja and Richardson Family Irrevocable Trust and ROCK OF GIBRALTOR LLC, | : : : : : : : | |
| Plaintiffs, | : : | Civil Action No. 09-059 (RBK) |
| v. | : : | **OPINION** |
| NEW CENTURY FINANCIAL CORPORATION, et al., | : : : | |
| Defendants. | : : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on motion of Plaintiffs for wavier of the Delaware Local Rule requirement of association with Delaware counsel. (D.I. 6.) Mr. H. Nasif Mahmoud ("Mr. Mahmoud"), an out-of-state attorney, asks the Court to waive the requirement of Delaware Local Rule 83.5(d) that out-of-state attorneys admitted pro hac vice must associate with a qualified Delaware attorney who is a member of the bar of this Court. For the reasons set forth below, the Court will deny the motion.

**I.   BACKGROUND**

Plaintiffs Bakarfit Life Liberty and Pursuit of Happiness for the Bokhary, Asghar, Khwaja and Richardson Family Irrevocable Trust ("Bakarfit") and Rock of Gibraltor LLC ("Rock of Gibraltor") (collectively "Plaintiffs") filed this action seeking damages and equitable relief against seventeen named defendants and multiple John Doe defendants under a number theories

including Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), quiet title, cancellation of deeds of trust or compensation, breach of statutory duty, accounting violations, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, fraudulent concealment, and infringement of constitutional and due process rights.  (D.I. 2.)  An amended complaint was filed on February 12, 2009.  (D.I. 5.)  The original complaint did not contain the signature of Mr. Mahmoud, but the amended complaint does contain his signature.

Mr. Mahmoud certifies that he is eligible for admission to this Court, is admitted, practicing and in good standing as a member of the Bar of the Northern District of Illinois[1] since 1974, and is generally familiar with this Court's Local Rules.  Mr. Mahmoud's business address is in Gary, Indiana.  He asks to be admitted as pro hac vice counsel to Plaintiffs without satisfying the Delaware Local Rule requirement that Plaintiffs must have a local attorney to act as their Delaware counsel.  His grounds for the waiver are that his clients are financially unable to secure local counsel on a hourly basis, and they have been unable to find local counsel with no conflict of interest and who will represent them on a continency basis.

To date, the Court has had no personal contact with Mr. Mahmoud.  All contact with the clerk's office has been through Sammye Richardson ("Richardson"), a trustee for Defendant Bakarfit and a signatory for Defendant Rock of Gibraltor, and all mailings have come from California, where Richardson appears to live.  Mr. Mahmoud's filings and letterhead lists his firm name as "McKinzie, Wilkes & Mahmoud."  However, his Illinois bar registration and

---

[1] Typically attorneys refer to admittance to the State bar, not to the bar of a federal district court.  Illinois Attorney Registration & Disciplinary Commission records indicate that Mr. Mahmoud is registered as of 2009 as active and authorized to practice law in Illinois at the registered business address of McKinney, Wills and Mahmoud, 8717 Forest Avenue, Gary, IN 46403-2241.  https://www.iardc.org.

documents filed by Mr. Mahmoud in other federal cases list his firm name as McKinney (not McKinzie), Wills (not Wilkes) & Mahmoud.  See U.S. Party-Case Index, http:// pacer.psc. uscourts.gov; Banks v. FDIC, Civ. No. 08-cv-1076G, D.I. 25 (N.D. Tx. Dec. 12, 2008); Walker v. Rieth-Riley Const. Co., Civ. No. 03-cv-507-PP (N.D. Ind. May 15, 2006).  Finally, the Court notes that Mr. Mahmoud's signature in this case is very different from his signatures in Banks v. FDIC, Civ. No. 08-cv-1076G, (N.D. Tx.) and Walker v. Rieth-Riley Const. Co., Civ. No. 03-cv-507-PP (N.D. Ind.).

## II.   DISCUSSION

Delaware Local Rules provide the necessary steps for an out-of-state attorney to appear and represent a client in this Court.  Attorneys admitted, practicing, and in good standing in another jurisdiction, who are not admitted to practice by the Supreme Court of the State of Delaware, may be admitted pro hac vice to the Bar of this Court in the discretion of the Court, such admission to be at the pleasure of the Court.  D. Del. LR 83.5(c).  The Local Rules further provide that unless otherwise ordered, an attorney not admitted to practice by the Supreme Court of the State of Delaware may not be admitted pro hac vice in this Court unless associated with an attorney who is a member of the Bar of this Court and who maintains an office in the District of Delaware for the regular transaction fo business.  D. Del. LR 83.5(d).  A party not appearing pro se shall obtain representation by a member of the Bar of this Court or have its counsel associated with a member of the Bar of this Court in accordance with Local Rule 83.5(d) within thirty days after the filing of the first paper filed on its behalf.  Id. at 83.5(e).  Failure to obtain representation shall subject the defaulting party to appropriate sanctions.  Id.

The requirement for a Delaware attorney to enter an appearance serves three important

purposes: (1) members of the local bar are familiar with the rules and customs of the Court and are expected to educate pro hac attorneys on, and enforce, those rules and customs; (2) members of the local bar of the Court are more readily available than pro hac attorneys for conferences or other matters which arise in the course of litigation, and; (3) the Court looks to members of the local bar to serve as a liaison between it and pro hac attorneys and to ensure effective communications between the Court and pro hac attorneys. Caliendo v. Trump Taj Mahal Assoc., Civ. No. 03-5145 (JBS), 2007 WL 1361258 (D.N.J. May 1, 2007) (citing Ingemi v. Pelino & Lentz, 866 F. Supp. 156, 162 (D.N.J. 1994); See Butler v. Biocore Medical Tech., 348 F.3d 1163, 1173 (10th Cir. 2003).

The Court exercises its discretion and declines to waive the local counsel requirement. Plaintiffs have presented no evidence to support their professed inability to obtain Delaware counsel. Moreover, in reviewing the pleadings filed to date, it is quite apparent that local counsel is necessary for the orderly administration of this case. Finally, the Court is concerned that Mr. Mahmoud is unaware of this litigation inasmuch as: (1) there has been no personal contact with him, (2) his firm name is misspelled, (3) there is a discrepancy in his signature, and (4) all documents have been mailed from California and not from Mr. Mahmoud's Indiana office.

### III. CONCLUSION

Based on the foregoing reasoning, the Court will deny Plaintiffs' motion for waiver of Delaware Local Rule 83.5. Plaintiffs shall be required to obtain local counsel. An accompanying Order shall issue today.

Dated: February 23, 2009     s/Robert B. Kugler
                             ROBERT B. KUGLER
                             United States District Judge

Case 1:09-cv-00059-RBK   Document 9   Filed 02/23/09   Page 5 of 5 PageID #: 238